UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZUMA PRESS, INC.<br><br>        Plaintiff,<br><br>- against -<br><br>GETTY IMAGES (US), INC.<br><br>        Defendants. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Zuma Press, Inc. ("Zuma" or "Plaintiff") by and through its undersigned counsel, as and for its Complaint against Defendant Getty Images (US), Inc. ("Getty" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction, sale, and public display of approximately forty-seven thousand forty-eight (47,048) photographs known to date. Accordingly, Zuma seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides and conducts business in New York.

1

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Zuma is one of the world's largest independent press agencies and wire services in the world. Zuma represents thousands of photographers around the globe. Zuma's photographers have received prestigious awards including the Pulitzer Prize, Pictures of the Year International awards, World Press Photos awards, among many others. Their principal place of business is 408 North El Camino Real, San Clemente, CA 92672. At all times material hereto, Zuma has owned and operated a website at the URL: www.ZumaPress.com.

6. Upon information and belief, Getty is a corporation duly organized and existing under the laws of the State of New York, with a place of business at 75 Varick Street #500, New York, NY 10013. Upon information and belief, Getty is registered with the New York Department of State, Division of Incorporations to do business in the State of New York. At all times material hereto, Getty has owned and operated a website at the URL: www.GettyImages.com (the "Website").

## STATEMENT OF FACTS

**A.   Background of Photographs**

7. Zuma has a collection of over twenty million images that it licenses to the public on behalf of thousands of photographers worldwide (the "Photographs"). It is the world's first digital agency, started in 1993 by and for photojournalists. Its collection contains award-winning news, sports, and entertainment content from some of the world's best photojournalists.

8. Zuma has an extensive and impressive collection of sports photography. This compelling and engaging collection contains photographs from the most prominent sports photographers in the world, all of whom are represented by Zuma. Among these breathtaking

images are forty-seven thousand forty-eight (47,048) Photographs that are the subjects of this litigation.

9.     Zuma has exclusive relationships with photographers specializing in Sports Photography due to the fact that it grants press credentials and exclusive access to events. Photographers specializing in sports that work with Zuma do not, as a rule, work with any other agency, licensee, or entity. A true and correct copy of a typical exclusive agreement between a photographer and Zuma, is hereto attached as Exhibit B.

**B.     Defendant's Infringing Activities**

10.    Upon information and belief, Getty is one of the world's largest stock photo agencies. Getty displays, makes available to license and sell, and distributes millions of images through and on its Website.

11.    Upon information and belief, though originally conceived to counterbalance the internet's corrosive effect on the creative marketplace, Getty has quickly become the content creators' worst detractor, recklessly aggregating content, acquiring more images than it can responsibly administer and belligerently enforcing whatever imperfect rights it might have in those images.

12.    Upon information and belief, Getty has been aggressively acquiring competitors since its inception. From small family-run firms to larger competitors, Getty has been growing at a rate that makes due diligence and adequate review of acquisitions difficult and improbable. From its inception in 1995 to 1999, Getty had acquired Tony Stone Images, Art.com, Allsport, Word View, Liaison Agency, Newsmakers, Online USA, Hulton Press Library, among others. It further acquired EyeWire and Energy Film Library. In 2000, Getty acquired Archive Photos of New York.

13. Upon information and belief in 2004, Getty acquired image.net. In 2006, it purchased iStockphoto. In 2007 Getty bought MediaVast – its biggest competitor and PunchStock and Pump Audio. In 2008-2009, Getty acquired Jupiterimages of JupiterMedia. In 2009 Getty bought HAAP Media. In 2011, it acquired PicScout and Photolibrary.

14. Upon information and belief, in January 2016, Getty covertly purchased Corbis' image licensing business via Visual China Group, Getty's exclusive distributor in China.

15. In response to the clandestine deal, Getty's then-CEO and current Co-Founder and Chairman, Jonathan Klein tweeted "Almost 21 years but got it. Lovely to get the milk, the cream, cheese, yoghurt and the meat without buying the cow." @JonathanDKlein, January 22, 2016 at 7:41 A.M.

16. That same day Getty stated that "VCG and Getty Images will immediately begin work to migrate Corbis content, with migration to be completed as quickly as possible" in its press release. See http://press.gettyimages.com/getty-and-corbis/.

17. Upon information and belief, Getty has been carelessly and recklessly acquiring content, not doing due diligence and not taking adequate measures to prevent infringement as well as falsifying/removing proper copyright management information. In fact, its aggressive acquisition schedule is possible only at the expense of others' rights. Undeterred by almost two hundred complaints filed with Washington State Attorney General's Office[1], despite several lawsuits[2], and the growing consensus in the industry that its abusive, unethical, and reckless business practices must be addressed, Getty has shown that it cannot and will not reform on its own accord.

---

[1] See https://www.scribd.com/doc/222235974/1-2-Index-of-Compaints.
[2] See Agence France Presse et. al v. Morel, Shepard et. al v. Getty Images (US) Inc. et. al, Highsmith v. Getty (US) Images, Inc. et. al, as well as several other pertinent cases.

18. Upon information and belief, in April 2016, Defendant copied approximately forty-seven thousand forty-eight (47,048) Photographs and placed it on their Website to license and sell to the public ranging in prices. True and correct copies of the Photographs on the Website are attached hereto as Exhibits A1-A41.

19. Defendant did not license the Photographs from Plaintiff to license or sell, nor did Defendant have Plaintiff's permission or consent to publish the Photographs on its Website.

20. Upon information and belief, Defendant altered/removed Zuma's credit and replaced it with its own credit.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST GETTY)
## (17 U.S.C. §§ 106, 501)

21. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-20 above.

22. Defendant infringed Plaintiff's exclusive rights in the Photographs by reproducing and publicly displaying the Photographs on the Website. Defendant is not, and have never been, licensed or otherwise authorized to reproduce, sell, publicly display, distribute and/or use the Photographs.

23. The acts of Defendant complained of herein constitute infringement of Plaintiff's exclusive rights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

24. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's exclusive rights.

25.     As a direct and proximate cause of the infringement by the Defendant of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

26.     Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST GETTY**
**(17 U.S.C. § 1202)**

27.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-26 above.

28.     When the Photographs were published on www.ZumaPress.com, the Photographs contained copyright management information protected under 17 U.S.C. § 1202(b).

29.     Upon information and belief, on its Website, Defendant intentionally and knowingly altered/removed Zuma's copyright management information.

30.     Upon information and belief, on the Website, the Defendant replaced the existing gutter credit with its own gutter credit, altering and falsifying copyright management information.

31.     The conduct of Defendant violates 17 U.S.C. § 1202(b).

32.     Upon information and belief, Defendant's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

33.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendant intentionally, knowingly and with

the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's exclusive rights in the Photographs. Defendant also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's exclusive rights in the Photographs.

34. As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Defendant because of its violations of 17 U.S.C. § 1202, including attorney's fees and costs.

35. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

36. The Defendant had a judgment entered against it for violating 17 U.S.C. § 1202 within the last 3 years.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs.

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. Pursuant to 17 U.S.C. § 1203(c)(4), the Court may award up to triple the damages if the Defendant had a judgement entered against it for violating 17 U.S.C. § 1202 within the last three years.

6. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
August 1, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580

Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Zuma Press, Inc.*