# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

ZUMA PRESS, INC.,

                Plaintiff,

       v.

GETTY IMAGES (US), INC.

                Defendant.

Case No.: 1:16-cv-06110 (AKH)

# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO DISMISS THE COMPLAINT PURSUANT TO
# FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF PLEADED FACTS .....................................................................................2

ARGUMENT ................................................................................................................................4

      I.      THE COPYRIGHT INFRINGEMENT CLAIM MUST BE DISMISSED.............5

            A.     Copyright Registration Is a Prerequisite to Maintaining an Infringement Claim ..................................................................................5

            B.     Zuma Has Failed to Plead Ownership of the Copyrights at Issue ...............6

      II.     THE CLAIM FOR REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION MUST BE DISMISSED ...............................8

CONCLUSION............................................................................................................................11

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                Page(s)

*Accurate Grading Quality Assur., Inc. v. Thorpe*,
    No. 12 CIV 1343 ALC, 2013 WL 1234836 (S.D.N.Y. Mar. 26, 2013) ..................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................2, 5, 8, 11

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................4, 5, 8, 11

*Chevrestt v. Am. Media, Inc.*,
    No. 16 Civ. 5557 (LLS), 2016 WL 4557318 (S.D.N.Y. Aug. 31, 2016) ............8, 10

*Feist Pubs., Inc. v. Rural Tel. Serv. Co.*,
    499 U.S. 340 (1991)..................................................................................................6

*Hutson v. Notorious B.I.G., LLC*,
    No. 14-cv-02307 (RJS), 2015 WL 9450623 (S.D.N.Y. Dec. 22, 2015)..................6

*John Wiley & Sons, Inc. v. DRK Photo*,
    998 F. Supp. 2d 262 (S.D.N.Y. 2014)......................................................................7

*Psihoyos v. John Wiley & Sons, Inc.*,
    748 F.3d 120 (2d Cir. 2014)......................................................................................5

*Reed Elsevier, Inc. v. Muchnick*,
    559 U.S. 154 (2010)..................................................................................................5

*Sullivan v. Duncan*,
    No. 13-cv-1640 (SAS), 2015 WL 4393316 (S.D.N.Y. July 17, 2015)..................5

*TCA Tel. Corp. v. McCollum*,
    No. 16-134-cv, slip op. (2d Cir. Oct. 11, 2016)......................................................6

*Williams v. Crichton*,
    84 F.3d 581 (2d Cir. 1996)......................................................................................6

**Statutes**

17 U.S.C. § 401(b) ..........................................................................................................9

17 U.S.C. § 411 ............................................................................................................5, 6

17 U.S.C. § 501(b) ..................................................................................................................6, 7

17 U.S.C. § 1202(b) ................................................................................................................ *passim*

17 U.S.C. § 1202(c) ..................................................................................................................2, 9

17 U.S.C. § 1203 .....................................................................................................................9, 10

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ...........................................................................................................1, 2, 4

Fed. R. Civ. P. 12(b)(6) .........................................................................................................1, 5, 11

Defendant Getty Images (US), Inc. ("Getty Images") respectfully submits this memorandum of law in support of its motion to dismiss the complaint filed on August 1, 2016 by Zuma Press, Inc. (Dkt. 1) (the "Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

This case arises out of Getty Images' alleged intake of thousands of digital sports photographs in which Zuma Press, Inc. ("Plaintiff" or "Zuma") claims rights.  The hopelessly vague Complaint is larded with false, inflammatory, and irrelevant assertions concerning Getty Images' business practices generally, but it is devoid of detail concerning how Getty Images acquired the photographs at issue, who owns the copyrights in them, and whether Getty Images acted without the copyright owner(s)' knowledge and express consent.  Zuma's empty rhetoric cannot mask the glaring facial defects in its claims.

The copyright infringement claim cannot survive Zuma's failure to allege that the copyrights in any of the 47,048 photographs at issue are registered—an absolute bar to maintaining an infringement action.  Zuma also fails to allege that it owns or holds exclusive rights to any of the photographs in suit as required to establish standing to bring a copyright infringement claim.  Each of these omissions requires dismissal of Count I.

Zuma fares no better with its attempt to state a claim for removal or alteration of copyright management information ("CMI") in violation of 17 U.S.C. § 1202(b).  Zuma's conclusory allegations "upon information and belief" that simply recite the elements of the claim do not satisfy the Rule 8 pleading standard.  Conspicuously missing from Zuma's pleading are virtually all of the factual details needed to support a section 1202 claim, such as what CMI supposedly was removed or altered, whether the removal or alteration was done without the knowledge and consent of the copyright owner, and what facts support the contention that

1

removal or alteration was done with the intent to conceal infringement. In addition to failing to identify the specific CMI allegedly altered or removed, Zuma fails to identify the author(s) of the photographs, the owner(s) of the copyrights, or any other information that falls within the statutory definition of CMI in section 1202(c). Rule 8 demands more.

Because Zuma has failed to state a claim upon which relief may be granted, the Complaint must be dismissed in its entirety.

## STATEMENT OF PLEADED FACTS

The facts alleged in the Complaint are accepted as true solely for purposes of this motion. That tenet, however, "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, to the extent Zuma has attempted to present legal conclusions as factual allegations, they are not accepted as true.

**Zuma and the Photographs at Issue**

Zuma claims to be one of the world's largest independent press agencies and wire services and the owner and operator of a website at www.zumapress.com. Compl. ¶ 5. Zuma alleges that it has a collection of over twenty million images that it licenses to the public on behalf of thousands of photographers worldwide. *Id.* ¶ 7. Zuma asserts that it has a collection of sports photography, including 47,048 photographs that it contends are at issue here (the "Photographs"). *Id.* ¶ 8.

Notably, Zuma does not allege that it owns the copyright in *any* of the Photographs. Rather, Zuma asserts that it "has exclusive relationships with photographers specializing in Sports Photography" and that these photographers "do not, as a rule, work with any other agency, licensee, or entity." Compl. ¶ 9. Attached to the Complaint is a redacted copy of what Zuma claims is "a typical exclusive agreement between a photographer and Zuma." *Id.* & Exh. B. However, Zuma does not allege that this "typical" agreement actually applies to any of the

2

Photographs, let alone specify which ones, nor does Zuma allege that it has an exclusive license from the owner of the copyrights in the photographs of which thumbnail copies are appended to the Complaint in Exhibit A.  In any event, the assertedly "typical" agreement Zuma provides makes plain that Zuma is only a licensee of the photographer's copyrights and that copyright ownership "remain[s] exclusively with Photographer." Compl. Exh. B at ¶ 2.  Moreover, the agreement only grants Zuma the authority to make claims or institute proceedings "in Photographer's name," *id.* ¶ 6, which is not what Zuma has done here.

**Getty Images and the Conduct at Issue**

Zuma alleges that Getty Images, one of the world's leading creators and distributors of premium digital content, "displays, makes available to license and sell, and distributes millions of images" through its website, www.gettyimages.com.  Compl. ¶¶ 6, 10.  Zuma alleges, upon information and belief, that in April 2016 Getty Images "copied approximately forty-seven thousand forty-eight (47,048) Photographs and placed it [sic] on their [sic] Website to license and sell to the public ranging in prices," *id.* ¶ 18, but the Complaint notably contains no allegations detailing how or from whom Getty Images obtained the Photographs.[1]  Zuma alleges that Getty Images did not license the Photographs from *Zuma* or have *Zuma's* permission or consent to publish the Photographs on its website, *id.* ¶ 19, but the Complaint is conspicuously silent as to whether Getty Images acted with the permission and consent of the (unnamed) copyright owner(s).  Zuma also alleges, upon information and belief, that Getty Images

---

[1] Paragraphs 11-17 of the Complaint contain allegations aimed at disparaging Getty Images' general business practices and describing certain corporate acquisitions without explaining their relevance to Zuma's claims.  In addition to being gratuitous, several of these allegations are contradictory.  *Compare*, *e.g.*, Compl. ¶¶ 14-15 (alleging that Getty Images/Corbis transaction was "covert[]" and "clandestine") *with id.* ¶ 16 (quoting Getty Images' contemporaneous press release announcing same transaction on Getty Images' website (*see* http://press.gettyimages.com/getty-and-corbis)).

3

"altered/removed Zuma's credit and replaced it with its own credit," without providing any specific examples of either alteration or removal.  *Id.* ¶ 20.

With respect to Count I (copyright infringement), Zuma alleges that Getty Images infringed Zuma's exclusive rights in the Photographs by reproducing and publicly displaying them on its website without authorization.  *Id.* ¶¶ 22, 23.  The alleged infringement assertedly was "willful, intentional, and purposeful," *id.* ¶ 24, but no facts are pled to support this conclusory allegation.  As for Count II (integrity of CMI), Zuma contends that when the Photographs were published on www.zumapress.com, they contained certain unspecified CMI protected under 17 U.S.C. § 1202(b).  *Id.* ¶ 28.  Without alleging that Getty Images copied the Photographs from, or even had access to, www.zumapress.com, Zuma nonetheless alleges, again on information and belief, that Getty Images "intentionally and knowingly altered/removed Zuma's copyright management information."  *Id.* ¶ 29.  Zuma also alleges (vaguely) on information and belief that Getty Images "replaced the existing gutter credit with its own gutter credit, altering and falsifying copyright management information," assertedly in violation of 17 U.S.C. § 1202(b).  *Id.* ¶¶ 30-31.  Getty Images' purported "falsification, removal and/or alteration" of the CMI allegedly "was made without the knowledge or consent of Plaintiff," *id.* ¶32, and was done "intentionally, knowingly and with the intent to induce, enable, facilitate or conceal the[] infringement" of Zuma's exclusive rights in the Photographs.  *Id.* ¶ 33.

## ARGUMENT

Zuma has failed to state a claim upon which relief may be granted.  A complaint must contain allegations "showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" rather than merely possible.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The required "facial plausibility" exists only if the plaintiff has pled "factual content that allows the court to

4

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The factual allegations must "raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555.  Because Zuma has failed to meet this standard with respect to either asserted cause of action, the Complaint must be dismissed.

I.      **THE COPYRIGHT INFRINGEMENT CLAIM MUST BE DISMISSED**

Zuma's copyright infringement claim is facially deficient in at least two respects, each of which warrants dismissal.  First, Zuma has failed to allege that the copyrights at issue have been registered, which violates section 411(a) of the Copyright Act.  *See* Point I.A.  Second, Zuma has failed to plead sufficient facts to establish ownership of any of the copyrights allegedly infringed.  Zuma thus lacks standing to maintain this action under section 501(b) of the Copyright Act.  *See* Point I.B.

**A.  Copyright Registration Is a Prerequisite to Maintaining an Infringement Claim**

Section 411(a) of the Copyright Act provides (with certain exceptions not relevant here) that "no civil action for infringement of the copyright . . . shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  Failure to comply with section 411(a) requires dismissal of an infringement claim under Rule 12(b)(6).  *See, e.g.*, *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010) (stating that section 411(a) "imposes a precondition to filing a claim"); *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014) (holding that section 411(a) requires that a registration application must at least have been filed prior to instituting a copyright infringement action); *Sullivan v. Duncan*, No. 13-cv-1640 (SAS), 2015 WL 4393316, *6 (S.D.N.Y. July 17, 2015) ("The law in the Second Circuit is clear that applying for copyright registration prior to initiating the lawsuit is an absolute requirement to maintaining an action for copyright infringement."); *Accurate Grading Quality Assur., Inc. v. Thorpe*, No. 12 CIV 1343 ALC, 2013

5

WL 1234836, *7 (S.D.N.Y. Mar. 26, 2013) ("[S]ection § 411(a) . . . requires copyright registration as a precondition to a copyright claim[].").[2] Because Zuma does not allege that the copyrights in the Photographs have been registered, or even that a registration application has been filed, Count I must be dismissed.

### B. Zuma Has Failed to Plead Ownership of the Copyrights at Issue

The copyright infringement claim also fails because Zuma has not alleged ownership of a valid copyright in any of the Photographs. Establishing infringement requires proof of (i) ownership of a valid copyright and (ii) unauthorized copying of constituent elements of the work that are original (i.e., protectible). *See, e.g.*, *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996). Section 501(b) of the Copyright Act provides that "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b). Copyright ownership is thus a statutory standing requirement. *See, e.g.*, *Hutson v. Notorious B.I.G., LLC*, No. 14-cv-02307 (RJS), 2015 WL 9450623, *6 (S.D.N.Y. Dec. 22, 2015) ("Because Plaintiff has failed to allege that he had an ownership interest in the copyright of the Composition during the alleged infringement period . . . the Court finds that he lacks standing to assert a claim for infringement in this action."); *TCA Tel. Corp. v. McCollum*, No. 16-134-cv, slip op. at 61-62 (2d Cir. Oct. 11, 2016) (affirming dismissal of copyright infringement action based on plaintiffs' failure to plead ownership of a valid copyright).

---

[2] *See also* 17 U.S.C. § 501(b) (providing that the legal or beneficial owner of an exclusive right under a copyright "is entitled, *subject to the requirements of section 411*, to institute an action for any infringement of that particular right . . . .") (emphasis added).

6

The Complaint nowhere alleges that Zuma owns a copyright in any of the photographs in its collection, let alone in any of the photographs at issue here.  While section 501(b) permits copyright infringement suits to be brought by exclusive licensees of the rights they seek to enforce, *see, e.g.*, *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 276 (S.D.N.Y. 2014), Zuma alleges only that it "has exclusive relationships with photographers specializing in Sports Photography[.]"  Compl. ¶ 9.  Although Zuma attaches a redacted version of what it claims is a "typical exclusive agreement between a photographer and Zuma," *id.* & Exh. B, it fails to allege that it is the exclusive licensee of the copyrights *in any of the Photographs*, all of which are credited to a single source, *see* Compl. Exh. A (crediting, in each instance, Les Walker).  Zuma presumably hopes the Court will *infer* that it has an exclusive license with respect to each of the Photographs, but its failure to even allege as much is telling.[3]  Even at the pleading stage, Zuma cannot rely on slippery allegations about what it may do "as a rule" or what one of its "typical" agreements provides without tethering those allegations to the specific Photographs it contends were copied unlawfully.  Zuma's failure to do so provides an additional, independently sufficient ground on which Count I must be dismissed.

This failure is no mere formality.  Getty Images is entitled to know from whom, when, and how Zuma contends it acquired its purportedly exclusive rights in order to defend claims that Getty Images believes to be entirely without merit and to implead the actual copyright owner, if necessary.

---

[3] Even if Zuma had alleged that all of the Photographs were covered by an agreement corresponding to the sample, it still would lack standing because the agreement only authorizes Zuma to make claims or to institute proceedings "in Photographer's name." Compl. Exh. B at ¶ 6.  The agreement does *not* authorize Zuma to do what it has done here, namely, to sue in *its own name* without even identifying the photographer(s).  *Id.*

In sum, Zuma's failure to allege that it has standing to sue for infringement requires dismissal of Count I.

## II. THE CLAIM FOR REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION MUST BE DISMISSED

Zuma fares no better with its claim for removal or alteration of CMI under section 1202(b) of the Copyright Act, which consists of nothing but a string of conclusory allegations that simply recite the elements of the claim. This type of speculation, unsupported by factual allegations that could warrant the legal inferences Zuma wants the Court to draw, requires dismissal. *See Iqbal*, 556 U.S at 678 ("'[L]abels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)); *Chevrestt v. Am. Media, Inc.*, No. 16 Civ. 5557 (LLS), 2016 WL 4557318, *2 (S.D.N.Y. Aug. 31, 2016) (dismissing speculative and conclusory section 1202 claim).

Section 1202(b) prohibits intentionally altering or removing CMI "knowing, or . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title" without the authority of the copyright owner. 17 U.S.C. § 1202(b). Zuma's allegations fall well short of the mark. <u>First</u>, Zuma identifies neither the CMI it contends was removed or altered nor the manner in which any such CMI was altered or falsified, thus depriving Getty Images of the ability to challenge whether such CMI was in fact attached to the Photographs when they allegedly were copied; whether and to what extent any such CMI was removed or altered by Getty Images upon alleged ingestion of the images into its system; and, indeed, whether the information on which Zuma's claim is based even qualifies as CMI under section 1202. Zuma alleges only that "[w]hen the Photographs were published on www.zumapress.com, the Photographs contained copyright management information[.]" Compl. ¶ 28. Zuma fails to allege that Getty Images copied the Photographs from www.zumapress.com,

8

as opposed to another source, and it fails to specify what CMI the Photographs contained when published on its site.

Second, Zuma fails to allege that the removal or alteration of CMI was done without the authority of the copyright owner.  Zuma claims that CMI was removed or altered without *Zuma's* consent, Compl. ¶ 32, but *Zuma's* knowledge and consent is irrelevant under section 1202(b), as it does not, and cannot, claim to be the owner of the copyright in the Photographs.  *See* Compl. Exh. B at ¶ 2 ("Copyright ownership of all Images will remain exclusively with Photographer . . ."); *see also* Point I.B *supra*.

Third, the Complaint alleges removal or alteration of "Zuma's copyright management information," Compl. ¶ 29, without specifying what CMI plausibly could concern Zuma.  Accordingly, Zuma fails to plead injury to it, as required for standing to bring a section 1202 claim.  *See* 17 U.S.C. § 1203(a).  Section 1202(b) only protects against removal or alteration of information falling within one of the categories specifically delineated in section 1202(c).  As relevant here, CMI includes "[t]he name of, and other identifying information about, the author of a work" and "[t]he name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright."  17 U.S.C. § 1202(c).  A copyright notice, in turn, consists of three elements: (1) the word "Copyright," the abbreviation "Copr." or the symbol ©; (2) the year of first publication; and (3) the name of the owner of the work or an abbreviation or alternative designation by which the owner is known.  *See* 17 U.S.C. § 401(b).  Zuma does not allege the removal or alteration of any of these elements.  As the Complaint makes clear, Zuma is neither the author nor the owner of the copyright in any of the

Photographs.[4] Thus, even if information pertaining to Zuma *had* been removed—and there is no such factual allegation—information pertaining to Zuma *does not constitute CMI*, and Zuma is not "a person injured by a violation of . . . section 1202." 17 U.S.C. § 1203(a).

<u>Fourth</u>, section 1202(b) requires that the removal or alteration of CMI have been done "knowing, or . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement," 17 U.S.C. § 1202(b), and Zuma's allegations as to Getty Images' knowledge and intent are entirely conclusory. The recent decision in *Chevrestt* is directly on point. *See* 2016 WL 4557318. The court in that case held that the complaint—which, as here, simply parroted the language of the statute and relied on the same "information and belief" formulation—contained "no factual allegations supporting those conclusions (speculations?), such as showing that [the defendant] was confronted or otherwise made aware of its allegedly infringing action." *Id.* at *2. The court held that since there were "no factual allegations supporting an inference that [the defendant's] CMI alteration or removal was done intentionally," the claim had to be dismissed. *Id.* Zuma's similarly vague pleading also should be dismissed.

In sum, the Complaint is devoid of any specific factual allegations as to: (i) the CMI the Photographs supposedly contained; (ii) whether Getty Images copied the Photographs from www.zumapress.com (where they allegedly contained whatever CMI Getty Images is claimed to have altered or removed) or obtained them from another source; (iii) the manner in which the CMI was altered or removed; (iv) any factual basis for the claim that any such alteration or removal was done intentionally to foster or conceal infringement—as opposed to, for example, occurring as the result of an automated process in the course of uploading authorized images

---

[4] As noted above, Zuma has not even adequately pled that it is an exclusive licensee of the Photographs. *See* Point I.B.

from a source other than Zuma; or (v) whether any alteration or removal of CMI was done without the authority of the copyright owner.

Because Zuma's allegations concerning removal or alteration of CMI are no more than a "formulaic recitation of the elements of a cause of action," Zuma's section 1202(b) claim must be dismissed. *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

## CONCLUSION

For the foregoing reasons, the Court should grant Getty Images' Rule 12(b)(6) motion to dismiss the complaint in its entirety.

Dated: New York, New York
October 13, 2016

Respectfully submitted,

By: /s/ Benjamin E. Marks
Benjamin E. Marks
Jonathan Bloom

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Tel: (212) 310-8000
Fax: (212) 310-8007

*Attorneys for Defendant Getty Images (US), Inc*.