USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/29/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
ZUMA PRESS, INC., *et al.*,                                  :
                                                             :  **OPINION AND ORDER**
                                       Plaintiffs,           :  **GRANTING IN PART AND**
                                                             :  **DENYING IN PART**
          -against-                                          :  **DEFENDANT'S MOTION TO**
                                                             :  **DISMISS THE FIRST AMENDED**
GETTY IMAGES (US), INC.,                                     :  **COMPLAINT**
                                                             :
                                       Defendant.            :
                                                             :  16 Civ. 6110 (AKH)
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiffs Zuma Press, Inc. ("Zuma"), Action Sports Photography, Inc. ("Action Sports"), Tiyu (Beijing) Culture Media Co. Ltd. ("OSports"), Manny Flores ("Flores"), Andrew Dieb ("Dieb"), Christopher Szagola ("Szagola"), Louis Lopez ("Lopez"), Charles Baus ("Baus"), Duncan Williams ("Williams"), Robert Backman ("Backman"), John Middlebrook ("Middlebrook"), and Anthony Barham ("Barham") bring this action against defendant Getty Images (US), Inc. ("Getty"), and assert claims for direct and contributory copyright infringement under the Copyright Act, 17 U.S.C. § 501, removal and alteration of copyright management information in violation of Section 1202 of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202, unfair competition under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125, and under New York common law, and false advertising under Section 349 of New York's General Business Law. For the reasons stated below, defendant's motion is granted in part and denied in part.

## THE FIRST AMENDED COMPLAINT

        Zuma, a photography agency, identifies itself as "one of the world's largest independent press agencies and wire services in the world." FAC ¶ 7. Zuma has a collection of

over 20 million images that it licenses to the public on behalf of the public. FAC ¶ 20. Approximately 200,000 of these photographs are sports photographs (the "Sports Photographs"). FAC ¶ 21. The Zuma website lists all Sports Photographs with copyright notation that reads "© the copyright owner's name" /ZUMAPRESS.com. FAC ¶ 29.

Defendant Getty is one of the world's largest stock photo agencies. Getty displays, markets and sells millions of images through its website, www.GettyImages.com. FAC ¶ 55. Plaintiffs allege that beginning in April 2016, Getty improperly copied at least 47,048 of the Sports Photographs, displayed them on the Getty website, and made them available for licensing and sale. FAC ¶ 56. Plaintiffs further allege that Getty removed Zuma's copyright management information ("CMI") from each of the photographs and replaced it with a watermark that read "Getty Images." FAC ¶¶ 94-119. Plaintiffs attach to the FAC an exhibit showing thumbnails of each photograph as it appeared on the Getty website, as well as an exhibit listing the Getty Images Asset Number for each of the 47,048 images. FAC ¶ 56, 63; Exs. A1-A41, P1-P5.

On May 4, 2016, Zuma discovered this alleged infringement by typing the phrase "ZUMA PRESS" into the search bar of the Getty website. Upon discovering the alleged infringement, Zuma immediately asked Getty to take down the photographs. Two weeks later, the photographs still appeared on Getty's website, so Zuma contacted Getty for a second time and again asked for the photographs to be taken down. On May 19, 2016, Getty informed Zuma that the photographs had been removed. After further investigation, however, Zuma determined that the number of Sports Photographs appearing on Getty's website continued to grow. FAC ¶¶ 57-61. Ultimately, Getty did remove the photographs at issue from its website. FAC ¶ 67.

A central issue in this case is whether each of the Sports Photographs that appeared on the Getty website is the subject of a valid copyright and whether plaintiffs own that copyright or otherwise have standing to sue Getty for copyright infringement. Zuma appears to

2

concede that it is not the copyright owner of each of the Sports Photographs, but alleges that it is the exclusive licensee of at least some of the Sports Photographs. For example, Zuma alleges that the Sports Photographs were taken by photographers "largely represented exclusively by Zuma, and that "typically, Sports Photographers do not work with any other agency, licensee, or entity." FAC ¶¶ 21, 24. Zuma alleges that because "[m]ost of the Sports Photographers have worked with Zuma exclusively for many years ... Zuma is the exclusive agent for these Sports Photographers." FAC ¶ 24. Zuma attaches to the FAC an exhibit consisting of "a sampling of exclusive agreements between the Sports Photographers and Zuma." FAC ¶ 26; Ex. B. Zuma also attaches exhibits showing four examples of photographs of which it is the exclusive licensee, the accompanying licensing agreements, and images of those photographs as they appeared on the Getty website. FAC ¶¶ 29, 68; Exs. C1–C2, Q. Only two of those photographs, however, are the subject of a valid copyright registration; the registration of the other two photographs remains pending. *Id.*

The FAC alleges that the remaining plaintiffs – Action Sports, OSports, Flores, Dieb, Szagola, Lopez, Baus, Williams, Backman, Middlebrook, and Barham – are also copyright owners of at least some of the Sports Photographs. FAC ¶ 22. Plaintiffs attach to the FAC a sample of photographs owned by these plaintiffs that appeared on the Getty website. FAC ¶¶ 31-54; Exs. D-N. Of these twenty sample photographs, only eleven are the subject of a valid copyright registration; the registration of the other nine photographs remains pending. *Id.*

Zuma alleges that it does not know whether the 47,048 photographs "represent an exhaustive list of its images improperly exploited by Getty." FAC ¶ 64. Zuma alleges that "as a result of Defendant removing the Photographs from the Getty Website, the random order the Photographs are in, and Plaintiffs not having possession, access to or control of information relating to the complete list of all the Photographs involved in the infringement, there is limited

3

information related to how many photographs involve Zuma as the exclusive licensee and how many are owned by Plaintiffs." FAC ¶ 67.

## DISCUSSION

### I. Count I: Plaintiffs Have Adequately Stated a Claim for Direct Copyright Infringement

"A properly plead copyright infringement claim must allege 1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992); *see also Jacobs v. Carnival Corp.*, 2009 WL 856637, at *4 (S.D.N.Y. Mar. 25, 2009) (noting that courts in the Southern District of New York "have consistently followed the four-prong standard set forth in *Kelly*."). Getty argues that plaintiffs have failed to satisfy the first three prongs of this test. I address each argument in turn.

#### a. The FAC Adequately Identifies the Specific Works that are the Subject of Plaintiffs' Claim

Getty argues that it is impossible to discern from the FAC which and how many photographs are actually at issue in this action because plaintiffs use the phrase "photographs that are the subjects of this litigation" (or some variation thereof) with respect to several different categories of photographs. For example, the FAC alleges detailed facts – the name of the photographer, the copyright registration number, and evidence of Zuma's exclusive license – for only twenty-four specific photographs, and identifies those photographs at various points in the FAC as the "subjects of this litigation." Elsewhere, however, the FAC alleges that Getty improperly copied 47,048 photographs, and likewise refers to this set of 47,048 photographs as the "subjects of this litigation." This issue boils down to whether plaintiffs should be permitted to assert claims with respect to the complete set of 47,048 photographs that appeared on the

4

Getty website, even though Zuma has not alleged any specific facts regarding those photographs, such as who took the photograph, whether Zuma is the exclusive licensee of that photograph, and whether the photograph was properly registered with the Copyright Office.

While the phrasing and structure of plaintiffs' pleading is somewhat opaque, Defendants have received fair notice that plaintiffs seek to assert copyright claims for all 47,048 photographs. It is true that the FAC makes detailed allegations for only a small number of the photographs at issue. However, Zuma has provided a plausible and reasonable explanation for why this is so. Zuma alleges that "as a result of Defendant removing the Photographs from the Getty Website, the random order the Photographs are in, and Plaintiffs not having possession, access to or control of information relating to the complete list of all the Photographs involved in the infringement, there is limited information related to how many photographs involve Zuma as the exclusive licensee and how many are owned by Plaintiffs." FAC ¶ 67. In its opposition brief, Zuma further explains that because the photographs appeared on Getty's website for a limited period of time, Zuma was unable to individually click on each photograph to access more detailed information before Getty took the images down.

Where relevant information is exclusively in the possession of the defendant, as is the case here, a plaintiff may allege facts on information and belief, and need not plead more specific facts that are unavailable to the plaintiff as a result of the defendant's own conduct. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) ("The *Twombly* plausibility standard, which applies to all civil actions, does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant, or where the belief is based on factual information that makes the inference of culpability plausible.") (internal quotation marks and citations omitted). This

5

principle applies here. To hold otherwise would enable Getty to convert the sheer magnitude of its alleged infringement into a shield from liability.

Courts have declined to dismiss copyright claims in similar contexts. In *Lefkowitz v. McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344 (S.D.N.Y. 2014), for example, the plaintiff provided an index identifying all of the images that defendant was alleged to have infringed. That index provided specific information relevant to the case for some, but not, all of the images. The court reasoned that "the fact that Plaintiff did not include this information for all instances of infringement does not render the FAC insufficient, because Plaintiff need not include these allegations in order to plead his claim for copyright infringement adequately." 23 F. Supp. 3d at 354; *see also Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 617 (S.D.N.Y. 2013) ("The inclusion of a list of additional photographs in Exhibit One does not create any ambiguity as to the alleged infringement at issue.").

Getty relies primarily on *Palmer Kane LLC v. Scholastic Corp.*, 2014 WL 1303135 (S.D.N.Y. Mar. 31, 2014). In that case, the plaintiff identified a specific set of infringed works, but then *also* alleged that its infringement claim was not limited to those specifically identified works. The court held that the defendant had not received fair notice of which works the plaintiff claimed had been infringed. *Id.* at *3. *Palmer Kane* thus provides a limiting principle: plaintiffs may not pursue claims with respect to photographs other than the 47,048 photographs identified on Getty's website. But extending this principle to require

dismissal of plaintiffs' entire claim for copyright infringement is unwarranted, for Getty has received fair notice of the photographs that are at issue.

### b. Zuma Has Adequately Alleged That it is the Exclusive Licensee of the Photographs at Issue

Getty contends that Zuma should be precluded from asserting a copyright claim with respect to any photograph that Zuma has not specifically alleged it has an exclusive license over. *See Davis v. Blige*, 505 F.3d 90, 101 (2d Cir. 2007) ("A non-exclusive license conveys no ownership interest, and the holder of a nonexclusive license may not sue others for infringement."). This argument fails for the same reason discussed above: Zuma is not in possession of the information necessary to determine whether each and every one of the 47,048 photographs that appeared on Getty's website was under Zuma's exclusive license. Zuma has attached a sample of exclusive licensing agreements that it has entered into with various photographers. If, after discovery, it turns out that Zuma does not have an exclusive agreement with respect to a particular photograph, Getty may move for summary judgment with respect to that photograph.

Getty also argues that even if Zuma is the exclusive licensee, it still lacks standing to bring these claims because the licensing agreements require Zuma to bring claims "in the photographer's name." Getty contends that this language requires each photographer to be named as a plaintiff in this action. This argument has no merit. The agreements provide that in the event of unauthorized use, Zuma has "full and complete authority to make claims or to institute proceedings in the Photographer's name." The clear intent and purpose of this language

is to authorize Zuma to pursue copyright infringement claims on behalf of the licensor photographers. That is precisely what Zuma has done in this action.

### c. Plaintiffs May Not Pursue an Infringement Claim With Respect to Photographs that are Unregistered or Subject to a Pending Registration

Section 411(a) of the Copyright Act provides that "no civil action for infringement of the copyright ... shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). Getty's previous motion to dismiss plaintiffs' initial complaint focused on plaintiffs' failure to register the photographs at issue with the Copyright Office. Plaintiffs have since filed copyright registration applications for numerous photographs, and the FAC cites to over 900 pending registrations. FAC ¶ 53; Ex. O. However, there is "overwhelming" consensus in the Southern District of New York that under the registration approach, a pending "application for copyright registration cannot sustain a claim for infringement prior to its approval or rejection by the Copyright Office. *Christians of California, Inc. v. Clive Christian N.Y., LLP*, 2014 WL 2465273, at *4 & n.1 (S.D.N.Y. May 30, 2014) (collecting cases).

Indeed, courts in this district are virtually unanimous on this point. *See Muench Photography, Inc. v. Houghton Mifflin Harcourt Pub. Co.*, 2012 WL 1021535, at *5 (S.D.N.Y. Mar. 26, 2012) ("A pending application does not suffice."); *Accurate Grading Quality Assur., Inc. v. Thorpe*, 2013 WL 1234836, at *7 (S.D.N.Y. Mar. 26, 2013) ("[M]ere application is legally insufficient as '[c]ourts in this Circuit ... require[ ] that a plaintiff either hold a valid copyright registration outright or have applied and been refused a registration *prior* to filing a civil claim.'") (quoting *Muench Photography*, 2012 WL 1021535, at *5); *Psihoyos v. John Wiley & Sons, Inc.*, 2011 WL 4916299, at *2 (S.D.N.Y. Oct.14, 2011) ("The mere pendency of an application is, however, insufficient to satisfy section 411's registration requirement, which the

8

Supreme Court has determined to be an absolute 'precondition' to suit. Accordingly, as other judges of this Court have noted, plaintiff's application argument is entirely without support in law.") (internal quotation marks omitted); *DO Denim, LLC v. Fried Denim, Inc.*, 634 F. Supp. 2d 403, 406 (S.D.N.Y. 2009) ("Plaintiff's mere filings of the applications, fees and deposits ... do not satisfy the jurisdictional prerequisites of Section 411(a)."); *DMBJ Prods. v. TMZ TV*, 2009 WL 2474190, at *2 (S.D.N.Y. Aug. 11, 2009) ("The plain language of this section rejects the notion that submission of the application for registration is sufficient to confer federal question jurisdiction over a claim for copyright infringement.").

Accordingly, plaintiffs may only pursue claims with respect to photographs that were the subject of a valid copyright registration prior to filing this action on August 1, 2016. To the extent Getty seeks to dismiss claims with respect to photographs that are not the subject of a valid copyright registration, the motion is granted. In all other respects, Getty's motion to dismiss Count I is denied.

### II. Count II: Plaintiffs Have Adequately Stated a Claim Under Section 1202 of the DMCA

Count II alleges that Getty violated Section 1202 of the DMCA, which prohibits the intentional removal or alteration of copyright management information. *See* 17 U.S.C. § 1202(b). Getty's sole argument in support of dismissing this claim is that plaintiffs have failed to sufficiently identify which photographs are at issue in this lawsuit. For the same reasons discussed above, the argument fails. Getty's motion to dismiss Count II is denied.

### III. Count III: Plaintiffs' Contributory Copyright Infringement Claim is Dismissed

Contributory infringement occurs where "one ... with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another." *Gershwin v. Columbia Artists Mgmt.*, 443 F. 2d 1159, 1162 (2d Cir. 1971). Count III alleges that

9

Getty contributed to third parties' direct infringement when it "licensed the photographs to third parties through the Getty Website without permission from the Plaintiffs or the copyright owners." FAC ¶ 144. In support of this allegation, plaintiffs attach to the FAC a list of unidentified transactions that plaintiffs describe as "a list of some of the Defendant's unauthorized activities involving the Photographs and third parties." FAC ¶ 144; Ex. CC. That exhibit, however, does not link any of these transactions to any of the photographs at issue in this action, and plaintiffs fail to allege that any of the third parties that were party to these transactions engaged in direct infringement. At bottom, plaintiffs' contributory infringement claim does nothing more than rehash plaintiffs' claim for direct copyright infringement. Getty's motion to dismiss Count III is granted.

### IV. Count IV: Plaintiffs' Lanham Act Claim is Dismissed

Count IV alleges that Getty violated Section 43(a)(1)(B) of the Lanham Act, which prohibits the use of a "false designation of origin, false or misleading description of fact, or false or misleading representation of fact … in commercial advertising or promotion" as to "the nature, characteristics, qualities, or geographic origin" of another person's "goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1).

The only factual allegation supporting plaintiffs' Lanham Act claim is defendant's alleged removal and alteration of plaintiffs' CMI. However, "a false copyright notice alone cannot constitute a false designation of origin within the meaning of § 43(a) of the Lanham Act," *Lipton v. Nature Co.*, 71 F.3d 464, 473 (2d Cir. 1995), and plaintiffs' Lanham Act claim is predicated on the same factual allegations giving rise to plaintiffs' claim under Section 1202 of the DMCA. Consequently, Count IV is dismissed as duplicative. *See Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 232 (S.D.N.Y. 2000) (dismissing Lanham Act claim where it is "based on no more than an alleged copyright violation and is impermissibly duplicative of his

claim for relief under the Copyright Act."); *Armstrong v. Virgin Records, Ltd.*, 2000 WL 351220, at *4 (S.D.N.Y. Apr. 3, 2000) (dismissing Lanham Act claim on grounds that "[a]ny claim of false originality on the part of the defendants in this action does not venture beyond that implicit in any allegedly false copyright."). Getty's motion to dismiss Count IV is granted.

### V. Count V: Plaintiffs' Section 349 Claim is Dismissed

Count V alleges that Getty violated Section 349 of New York's General Business Law, which prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." Plaintiffs contend that Getty engaged in deceptive practices by holding itself out as the rightful owner of the Sports Photographs. However, when a commercial competitor (as opposed to a consumer) asserts a claim under Section 349, it must allege "consumer injury or harm to the public interest." *LBB Corp. v. Lucas Distribution Inc.*, 2008 WL 2743751, at * 2 (S.D.N.Y. July 14, 2008). "[W]hen a competitor raises a § 349 claim, [i]t is clear that the gravamen of the complaint must be consumer injury or harm to the public interest. ... Commercial claimants under § 349 must allege conduct that has 'significant ramifications for the public at large' in order to properly state a claim." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003) (internal quotation marks and citation omitted).

Accordingly, "[c]ourts routinely reject such attempts to fashion Section 349 and 350 claims from garden variety disputes between competitors." *Winner Int'l v. Kryptonite Corp.*, 1996 WL 84476, at *3 (S.D.N.Y. Feb. 27, 1996); *see, e.g., LBB Corp. v. Lucas Distribution Inc.*, 2008 WL 2743751, at * 2 (S.D.N.Y. July 14, 2008) (dismissing Section 349 claim where the only harm alleged was "actual confusion amongst consumers whereby the public is deceived and confused into believing that the Defendants' film is produced, provided, endorsed or authorized by Plaintiff."); *S&L Vitamins, Inc. v. Australian Gold, Inc.*, 2006 WL

11

8423836, at *7 (E.D.N.Y. Mar. 30, 2006) (dismissing Section 349 claim even though consumer confusion may "tarnish the goodwill associated with the Products and the Marks" because "it does not constitute the type of significant ramifications for the public at large to justify [plaintiff's] consumer protection claims.").

Because the gravamen of the FAC is not consumer injury or harm to the public interest, Getty's motion to dismiss Count V is granted.

### VI. Count VI: Plaintiffs' State Law Unfair Competition Claim is Dismissed

Count VI alleges that Getty engaged in unfair competition in violation of New York common law. This claim is duplicative of plaintiffs' Lanham Act claim, and is therefore dismissed for the same reasons warranting dismissal of that claim. *See Kregos v. Associated Press*, 795 F. Supp. 1325, 1336 (S.D.N.Y. 1992) ("[T]he standards for § 43(a) claims under the Lanham Act and unfair competition claims under New York law are virtually the same.").

This claim is also duplicative of plaintiffs' copyright claim and is therefore preempted under Section 301(a) of the Copyright Act, which expressly preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103." 17 U.S.C. 301(a). A claim for unfair competition will not be preempted only if accompanied by an "extra element" that "changes the nature of the action so that it is *qualitatively* different from a copyright infringement claim." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992) (internal quotation marks and citation omitted). "In applying the extra element test, the Second Circuit has held that New York unfair competition claims based solely on the copying of protected expression are preempted by § 301 of Copyright Act." *Levine v. Landy*, 832 F. Supp. 2d 176, 191 (N.D.N.Y. 2011). Here, Zuma couches its

unfair competition claim in terms of "bad faith misappropriation of a commercial advantage," but the only factual allegation supporting the claim is that Getty displayed plaintiffs' photographs without authorization. At its core, this is a claim for copyright infringement. Getty's motion to dismiss Count VI is granted.

## CONCLUSION

For the reasons stated herein, Getty's motion to dismiss plaintiff's first amended complaint is granted in part and denied in part. The Clerk shall terminate the motion (Dkt. No. 25). The oral argument scheduled for July 6, 2017 is canceled. Plaintiffs shall filed a second amended complaint by July 21, 2017. Defendant shall answer by August 4, 2017. An initial conference shall be held on August 18, 2017 at 10 a.m., at which the parties shall propose a case management plan in accordance with my individual rules.

SO ORDERED.

Dated:    June 29, 2017
               New York, New York

                                              ALVIN K. HELLERSTEIN
                                              United States District Judge