### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZUMA PRESS, INC., ACTION SPORTS PHOTOGRAPHY, INC., TIYU (BEIJING) CULTURE MEDIA CO. LTD., MANNY FLORES, ANDREW DIEB, CHRISTOPHER SZAGOLA, LOUIS LOPEZ, CHARLES BAUS, DUNCAN WILLIAMS, ROBERT BACKMAN, JOHN MIDDLEBROOK, ANTHONY BARHAM<br><br>                Plaintiffs,<br><br>       - against -<br><br>GETTY IMAGES (US), INC.<br><br>               Defendant. | Case No. 1:16-cv-6110-AKH |

### DEFENDANT'S OPPOSITION TO PLAINTIFFS' STATEMENT PURSUANT TO LOCAL RULE 56.1

Pursuant to Rule 56.1(b) of the Local Rules of the United States District Court of the Southern District of New York, Defendant Getty Images (US), Inc. ("Getty Images"), respectfully submits the following responses in opposition to Plaintiffs' Statement Pursuant To Local Rule 56.1, filed in support of Plaintiffs' Motion for Partial Summary Judgment (Dkt. No. 131):

1.      On May 4, 2016 (within a month of the start of the infringement), Zuma requested that the photographs at issue in this litigation be removed from Getty's website.

**Response to Paragraph 1**:  **Disputed in part.**  Getty Images objects to Paragraph 1 to the extent that Plaintiffs' allegation of infringement states a proposed—and incorrect—legal conclusion rather than fact and disputes that there has been any infringement for the reasons set forth in the accompanying memorandum of law in opposition to Plaintiffs' motion for partial

summary judgment and Getty Images' memorandum of law in support of its own motion for

summary judgment (Dkt. 81).  Getty Images further disputes that Zuma requested that the

photographs at issue in this litigation be removed from the Getty Images website on May 4,

2016, as Zuma has placed at issue in this litigation tens of thousands of photographs that (a) it

neither owns nor has exclusive rights to; and/or (b) were not on Getty Images' website on May 4,

2016.  Dkt. 111 (Bloom Decl.) ¶ 62; Dkt. 87 (Eisenberg Decl.) ¶¶ 11, 18.  Getty Images does not

dispute that Zuma emailed Getty Images on May 4, 2016 to request that Getty Images remove

from its website images Zuma claimed belonged to it.  A copy of that May 4, 2016 email is

attached to the Bloom Declaration as Exhibit NN (Dkt. 111-40).


2.      Zuma consistently followed up with Getty as to how Getty was addressing the

infringement of the photographs.  [Liebowitz Decl. Ex. 149 (Deposition of Scott McKiernan,

137:22-138:7; McKiernan Exhibit 10); Liebowitz Declr, Ex. 151 (Deposition of Ruardih Stewart,

83:9-84:19)]

**Response to Paragraph 2**:  **Disputed.**  Getty Images objects to Paragraph 2 to the extent

that Plaintiffs' allegation of infringement states a proposed—and incorrect—legal conclusion

rather than fact and disputes that there has been any infringement for the reasons set forth in the

accompanying memorandum of law in opposition to Plaintiffs' motion for partial summary

judgment and Getty Images' memorandum of law in support of its own motion for summary

judgment (Dkt. 81).  Getty Images disputes that Zuma "consistently" followed up with Getty

Images regarding the photographs.  The evidence Plaintiffs cite as support for this statement

relates to Zuma's communications with *Corbis Corporation* ("Corbis") some three years before

Getty Images ingested the photographs pursuant to the NewSport Contributor Agreement.  *See*

Dkt. 137-151 (Liebowitz Decl. Ex. 149), Mc Kiernan Ex. 10; *see also* Dkt. 111-20 (Bloom Decl. Ex. T).  In fact, after the initial exchange of emails between Zuma and Getty Images by email on May 4 and 5 by which Getty Images first learned of Zuma's claim of ownership in photographs appearing on its site, Zuma (as distinct from outside counsel) "followed up" only once, on May 18, 2016, via an email from Ruaridh Stewart.  *See* Dkt. 111-42 (Bloom Decl. Ex. PP).  Getty Images' Claims Manager Dave Wojtczak replied to Stewart's May 18 email the following day to confirm that photographs had been removed from the Getty Images website on May 5, to assure Stewart that Getty Images had multiple teams researching the matter and was continuing to treat it as a high priority, and to offer to speak with Stewart and work directly with him on the issue going forward. *See id.;* Dkt. 98 (Wojtczak Decl.) ¶¶ 4, 11-12.  Neither Stewart nor anyone else from Zuma responded to Wojtczak's email.  Zuma did not communicate with Getty Images again until its outside counsel, Richard Liebowitz, mailed Getty Images a letter dated June 27, 2016 enclosing a draft complaint.  Dkt. 98 (Wojtczak Decl.) ¶ 19.


3.      Zuma repeatedly asked Corbis to remove Zuma's photographs from the NewSport path.  [Liebowitz Decl., Ex. 151 (Deposition of Ruardih (sic) Stewart, 48:7-50:9, 51:7-52:21); Liebowitz Decl. Ex. 149 (Deposition of Scott McKiernan, McKiernan Exhibits 4, 7, 11)]

**Response to Paragraph 3**:  **Disputed in part.**  It is not clear what Plaintiffs mean by "remove Zuma's photographs from the NewSport path."  Zuma concedes that it "uploaded the photographs that are the subjects of this litigation via New[S]port path to Corbis' file-transfer protocol ('FTP') for distribution under the NewSport-Corbis agreement."  *See* Dkt. 130 at 4-5. In August 2012, Zuma requested new transmission credentials from Corbis so that it could resume submitting sports photographs through its own feed, rather than continuing to use

NewSport's feed.  Dkt. 111-29 (Bloom Decl. Ex. CC).  Months later, in 2013, Zuma asked

Corbis to remove Zuma-associated photographs from the NewSport collection, but Corbis

informed Zuma that it could not do so without the written consent of NewSport.  Dkt. 111-33

(Bloom Decl. Ex. GG).  Getty Images does not dispute that Zuma made requests to Corbis to

remove certain photographs from the NewSport collection without success.  Zuma was aware

that such removal required NewSport's written consent, and Zuma's failure to secure such

written consent is undisputed.  *Id.*; Dkt. 111-1 (Bloom Decl. Ex. A (Greenberg Dep.)) 67:13-23,

68:12-24, 70:9-71:2, 76:19-77:12; Dkt. 111-30 (Bloom Decl. Ex. DD) at ZUM00327; Dkt. 111-

31 (Bloom Decl. Ex. EE) at ZUM00294.  The evidence Plaintiffs cite, moreover, shows that

Zuma's initial communications with Corbis were concerned not with removing Zuma-submitted

photos from the NewSport collection but rather with ensuring that Corbis paid Zuma, and not

NewSport, all monies owed for the images Zuma had fed through NewSport's feed and that

Corbis updated Zuma's feed so that Zuma could feed its images through its own feed instead of

continuing to submit them through NewSport's feed.[1]  *See, e.g.,* Dkt. 137-153 (Mc Kiernan

Exhibit 7) ("I'd like to update our sports feed to have it go through the ZUMA Press Sports feed

to Corbis, [sic] Currently it goes through a Newsport [sic] channel."; "What is most pressing, is

did any of our money go to Les on his current statement? If not, then we are goode [sic].");  Dkt.

137-153 (Mc Kiernan Dep. Ex. 4) ("I asked Ruaridh to reach out to [sic] 7 months ago + before

the Olympics and make sure that all the ZUMA photos we had feed into you the [sic] sports feed,

stopped showing up in our Newsport check . . . . [B]asically anything feed [sic] into you since

last January would and should show up on ZUMA [sic] payment, not Newsport's.");  *see also*

---

[1] Plaintiffs cite Exhibits 4 and 7 of Mc Kiernan's deposition, which are appended to Dkt. 137-
153 (excerpts of Stewart's deposition), and not to Liebowitz Decl. Ex. 149 as Plaintiffs
incorrectly state in their Local Rule 56.1 Statement.  Plaintiffs also cite but failed to submit a
copy of Mc Kiernan Deposition Exhibit 11 (ZUM00371-72).

Dkt. 137-153 (Mc Kiernan Dep. Ex. 6) ("I can not [sic] have any of our images licensed by

Corbis to be paid out to Newsport.").[2]  Current Zuma employee and then-Corbis employee Seth

Greenberg's emails show that for months after Mr. Walker left Zuma, Zuma's communications

with Corbis were not about ensuring that Corbis moved the Zuma-submitted photos out of the

NewSport collection.  *See, e.g.*, Dkt. 137-153 (Mc Kiernan Dep. Ex. 7) ("I don't believe I was

ever asked to change or move the archive back to ZUMA until now." ); Dkt. 137-153 (Mc

Kiernan Dep. Ex. 6) ("I can't find any record of being notified about moving images back to the

ZUMA contract last year. I was asked to make sure that the feed was changed and we did that.").

  4. Zuma requested that Les Walker and Corbis to resolve (sic) the issue with

migrating Zuma's photographs out of the NewSport path.  [Liebowitz Decl., Ex. 151 (Deposition

of Ruardih Stewart, 66:24-67:5, 79:6-79:12, 79:24-80:8); Liebowitz Decl.  Ex. 150 (Deposition

of Seth Greenberg, 74:12-76:19)]

  **Response to Paragraph 4**:  **Disputed in part.**  It is not clear what Plaintiffs mean by

"migrating Zuma's photographs out of the NewSport path."  Getty Images does not dispute that

Zuma sought Les Walker's cooperation in unwinding the deal it had struck with NewSport to

feed its images to Corbis under the NewSport-Corbis contract or that Zuma sought Corbis' help

in separating the Zuma and NewSport feeds and royalty streams, although Getty Images submits

that neither of these facts is material.  If, however, Plaintiffs intend to refer to the removal of

Zuma-submitted photos from the NewSport collection—an issue distinct from the

reestablishment of separate Zuma and NewSport feeds—Getty Images submits that Zuma's

requests were never honored.  To the contrary, when Zuma emailed Walker to ask him to "cc[]

_____

[2] Mc Kiernan Deposition Exhibit 6, which Plaintiffs cite in their 56.1 statement, also is appended
to Dkt. 137-153 (excerpts of Stewart's deposition) and not Liebowitz Declaration Exhibit 149 as
Plaintiffs incorrectly state.

[Zuma] on an email to Seth Greenberg to have the Images switched back to the ZUMA account," Walker replied that, "[a]s for those images feed [sic] through NewSports [sic] account, New[S]port will represent those images and payment will be made as any [sic] New[S]port does with any of it [sic] other associate agencies feeding that account."  Dkt. 111-30 (Bloom Decl. Ex. DD) at ZUM00327.  Similarly, Greenberg explained to Zuma that "[] I cannot move any images that carry the NewSport contract number, which were submitted through the NewSport FTP, without written consent from NewSport.  NewSport must request this change in writing for me to move the images."  Dkt. 111-33 (Bloom Decl. Ex. GG) at ZUM00343.  There is no evidence in the record, or elsewhere produced by Plaintiffs, that Zuma ever obtained NewSport's written consent to remove the photographs from the NewSport collection and Zuma, in fact, concedes that it never did.  Dkt. 111-1 (Bloom Decl. Ex. A (Greenberg Dep.)) 76:2-4 ("[] I did not make a contract move because I did not have written consent from NewSport that I could make the contract move.").

5.     Les Walker did not intend to convey right (sic) in the photographs at issue in this case via the Contributor Agreement between him and Getty.  [Liebowitz Decl., Ex. 148 (Deposition of Les Walker, 33:10-35:21, 36:13-37:6, Walker Exhibit 14)]

**Response to Paragraph 5**:  **Disputed.**  As an initial matter, the Contributor Agreement signed by Les Walker in his capacity as a representative of NewSport was between NewSport (not Les Walker) and Getty Images, and NewSport did, in fact, grant Getty Images "a worldwide, exclusive license and right to distribute, market, sublicense, copy, reproduce, display, exhibit, transmit, broadcast, modify, adapt, crop, recast, edit, modify, enhance, alter, or create derivative works of and publish the whole or part of" all accepted content from the NewSport

collection.  Dkt. 111-20 (Bloom Decl. Ex. T) § 1.1.  The record evidence also unequivocally demonstrates Walker's understanding that NewSport had the right to license all of photographs submitted by Zuma to Corbis under the NewSport-Corbis contract and that he communicated the same to Getty Images. Dkt. 96 (Walker Decl.) ¶¶ 19, 29, 34-35; Dkt. 98 (Wojtczak Decl.) ¶¶ 13, 18.

 

6.      When Les Walker was signing the Contributor Agreement with Getty, he believed Zuma's photographs were no longer part of his collection via NewSport path.  [Liebowitz Decl., Ex. 148 (Deposition of Les Walker, 42:4-42:25, 44:11-45:6, 49:21-50:22, 55:22-56:8)]

**Response to Paragraph 6**:  **Disputed.**  Getty Images incorporates by reference herein its response to Paragraph 5.  Moreover, whatever Walker may have assumed about whether the photographs Zuma submitted to Corbis under the NewSport Contract were part of the NewSport collection is not material.  What is material is that Zuma knew (because it was told by Corbis) that it needed written consent from NewSport to transfer the Zuma-submitted photos out of the NewSport collection (*see, e.g.,* Dkt. 137-151 (Mc Kiernan Dep.), 126:2-10; *id.* at Mc Kiernan Dep. Ex. 15; Dkt. 111-33 (Bloom Decl. Ex. GG); that NewSport never provided this written authorization (*see, e.g.,* Dkt. 137-152 at 76:2-4); that Zuma never confirmed whether or not Corbis had removed the Zuma-submitted photos from the NewSport collection (*see* Dkt. 111-3 (Bloom Decl. Ex. C (Mc Kiernan Dep.)) 111:1-23); and that Corbis never removed the Zuma-submitted photos from the NewSport collection (*see* Dkt. 111-1 (Bloom Decl. Ex. A (Greenberg Dep.)) 68:25-69:15, 70:3-7, 75:10-76:18, 80:9-13, 83:20-22; Dkt. 87 (Eisenberg Decl.) ¶ 12).

7.     There is no evidence that the photographs at issue in this litigation were created at the request of Getty.

**Response to Paragraph 7**:  **Undisputed.**


8.     There is no evidence that the photographs at issue in this litigation were delivered to Getty by the Plaintiffs or anyone authorized by Plaintiffs.

**Response to Paragraph 8**:  **Disputed.**  The record evidence shows that for each photograph at issue in this litigation owned by Plaintiffs: (i) the photograph was delivered to Zuma by the photographer or an authorized representative of the photographer (*see* Dkt. 145 (Mc Kiernan Decl.) ¶¶ 4-7); (ii) the photograph was transmitted by Zuma to Corbis under the NewSport-Corbis contract (Dkt. 130 at 4-5); (iii) the photograph was covered by the November 2011 Redirection Agreement, pursuant to which Zuma expressly acknowledged that NewSport was the authorized licensor of the photograph (Dkt. 111-25 (Bloom Decl. Ex. Y)); (iv) Zuma did not need the permission of the copyright owner to grant license authority to NewSport or to Corbis (Bloom Opp. Decl. Ex. A (Mc Kiernan Dep.) 76:16-77:2); and (v) NewSport, in its capacity as an authorized licensor of the photographs, authorized the delivery of the photographs to Getty Images (Dkt. 111-20 (Bloom Decl. Ex. T) § 1.1).  In addition, pursuant to its Contributor Agreement with NewSport, Corbis had the right to "assign its rights and obligations under" its agreements as part of a sale, Dkt. 111-6 (Bloom Decl. Ex. F) § 13.2; *see also* Dkt. 111-17 (Bloom Decl. Ex. Q) § 12.2, which included "the right to use, reproduce, publish, exhibit, perform, publicly display, distribute, broadcast and transmit," as well as "use the Accepted Images in promotional print, digital, and online materials and promotional products."  *Id.* at p. 2. Following just such a sale of Corbis' content to VCG, VCG granted to Getty Images an

exclusive license to distribute worldwide (except in China) all content VCG owned or had the

right to license, including that obtained from Corbis, which included the NewSport collection.

Dkt. 111-19 (Bloom Decl. Ex. S) § 2.1.


9.      Neither Plaintiffs nor Les Walker intended for Getty to copy, display nor

distribute the Photographs.  [Liebowitz Decl., Ex. 149 (Deposition of Scott McKiernan 207:6-

208:8)]

**Response to Paragraph 9**:  **Disputed.**  Getty Images incorporates by reference herein its

responses to Paragraphs 5, 6, and 8.  In addition, Getty Images states that Plaintiffs' intent with

respect to whether Getty Images exercised rights lawfully granted to it by their authorized

representatives is not material.  Moreover, the deposition testimony cited by Plaintiffs does not

support its proposed statement of fact.  The cited testimony, which relates to a negotiation of the

right to copy, display, or distribute content from Corbis' *Zuma* collection, is inapt because the

photographs at issue were part of Corbis' *NewSport* collection.


10.     There was never a meeting of the minds between Getty and Plaintiffs nor between

Getty and Les Walker regarding Getty's use of the Photographs.

**Response to Paragraph 10**:  **Disputed in part.**  Getty Images does not dispute that there

were no discussions between Plaintiffs and Getty Images concerning Getty Images' use of the

photographs at issue in this litigation in advance of such use, but that is not material.  Getty

Images disputes the rest of Plaintiffs' statement.  The Contributor Agreement between NewSport

and Getty Images, which was signed by Walker on behalf of NewSport, specifies how Getty

Images could use the photographs at issue.  Dkt. 111-20 (Bloom Decl. Ex. T) § 1.1.  Moreover,

the NewSport-Corbis contract, also signed by Walker on behalf of NewSport, permitted Corbis

to assign the contract, which it did when it sold its content to VCG, and it permitted VCG to

authorize distribution by Getty Images, which VCG did.  *See* Dkt. 111-6 (Bloom Decl. Ex. F) §

13.2; Dkt. 111-19 (Bloom Decl. Ex. S) § 2.1.  Zuma concedes that it knowingly submitted each

photograph at issue in this litigation to Corbis "for distribution under the NewSport-Corbis

agreement."  Dkt. 130 at 4-5.

 

     11.     It was not reasonable for Getty to rely on Les Walker's Contribution Agreement

for representations and warranties as they apply to the Photographs.  [Liebowitz Decl., Ex. 150

(Deposition of Seth Greenberg, 96:21-98:25), Liebowitz Decl.  Ex. 149 (McKiernan Exhibit 6)]

     **<u>Response to Paragraph 11</u>**:  **Disputed.**  It is a standard industry practice for photo

licensing agencies to rely on representations and warrantees by licensors, as Zuma's own

practice confirms.  *See* Dkt. 111-4 (Bloom Decl. Ex. D (Stewart Dep.)) 112:23-25 ("Q: [I]s it

Zuma's practice to rely on these representations from its photographers?  A:  Yes."); Dkt. 111-3

(Bloom Decl. Ex. C (Mc Kiernan Dep.)) 150:8-13 ("Q: And you had relied on Cal Sport Media

and its representation that it had the rights to the images it was supplying to ZUMA Press; right?

. . . A:  Correct.  I believe so.  Yes, that sounds right."); *id.* 168:25-169:3 ("Q: What do you do to

make sure that they actually own the copyrights to their images?  A:  Make them sign this

contract that says that they agree that they do.").

 

     12.     Getty placed Les Walker on the "Do Not Sign" list.  [Liebowitz Decl. Ex. 152

(Deposition of Travis Lindquist, 66:14-70:11, Lindquist Exhibit 3)]

**Response to Paragraph 12**:  **Undisputed.**  Getty Images does not dispute that it placed Les Walker, in his personal capacity and with respect to his personal collection of photographs that was separate from the NewSport collection that was licensed to Getty Images, on a list of Corbis contributors it was evaluating and ultimately designated the content as not desirable for migration to Getty Images by placing a designation of "Do Not Sign" (versus some collections which contained a designation of "Sign").  *See* Dkt. 91 (Lindquist Decl.) ¶ 10.

13.     Robert Backman ("Backman") is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Backman Photographs").  [Liebowitz Decl. ¶¶ 22-30 (Exs. 2, 3); Backman Decl. ¶¶ 5-12 (Exs. A, B)]

**Response to Paragraph 13**:  **Disputed in part.**  Getty Images does not dispute that Backman is the author of the photographs attached to his declaration.  Whether the registrations of those photographs are valid is a legal conclusion.  For some of Backman's photographs, the effective date of the registration is more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).  Moreover, there is no reason to assume that the information in the registrations is valid, as some appears on its face to conflict with Backman's declaration.  For example, Backman states that the photographs attached as Exhibit A to his declaration were published in 2011 and are covered by VA 2-022-536, but those images appear on their face to have been published in 2012, and none of the file names for those images appear in VA 2-022-536.  *Compare* Dkt. 127-1 at BACK06052, *with* Dkt. 137-5.

14.     The Backman Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 28-30; Carrillo Decl. ¶ 7; Halperin Decl. ¶ 8; Bivona Decl. ¶ 7]

**Response to Paragraph 14**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Backman Photographs are on deposit with the Copyright Office.

15.     Getty copied the Backman Photographs.  [Liebowitz Decl. ¶¶ 31 (Ex. 1-B); McKiernan Decl. ¶ 8]

**Response to Paragraph 15**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Backman Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

16.     Getty did not obtain authorization from Backman to copy the Backman Photographs.  [Backman Decl. ¶¶ 13-16]

**Response to Paragraph 16**:  **Disputed.**  Getty Images obtained authorization from Backman, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

17.     Anthony Barham ("Barham") is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Barham Photographs").  [Liebowitz Decl. ¶¶ 32-42 (Ex. 5, 6); Barham Decl. ¶¶ 5-15 (Exs. A, B)]

**Response to Paragraph 17**:  **Disputed in part.**  Getty Images does not dispute that

Barham is the author of the photographs attached to his declaration.  Whether the registrations of

those photographs are valid is a legal conclusion.  For some of Barham's photographs, the

effective date of the registration is more than five years after first publication.  There is thus no

presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. §

410(c).  Moreover, there is no reason to assume that the information in the registrations is valid,

as some appears on its face to conflict with Barham's declaration.  For example, Barham states

that the photographs attached as Exhibit C to his declaration are covered by registration number

VA 2-022-812, but some of the file names for those images do not appear in VA 2-022-812.

*Compare* Dkt. 124-4 at BAR09584*, with* Dkt. 137-8.


18.     The Barham Photographs are on deposit with the Copyright Office.  [Liebowitz

Decl. ¶¶ 40-42; Carrillo Decl. ¶ 7; Halperin Decl. ¶ 8; Bivona Decl. ¶ 7]

**Response to Paragraph 18**:  **Undisputed.**  Getty Images has no reason at this time to

dispute Plaintiffs' assertion that the Barham Photographs are on deposit with the Copyright

Office.


19.     Getty copied the Barham Photographs.  [Liebowitz Decl. ¶¶ 43 (Ex. 1-B);

McKiernan Decl. ¶ 9]

**Response to Paragraph 19**:  **Undisputed.**  Getty Images does not dispute that in the

process of migrating accepted images from Corbis' system to the Getty Images Enterprise

Submission Platform, Getty Images' system uploaded the Barham Photographs.  *See* Dkt. 89

(Kortegard Decl.) ¶ 9.

20.     Getty did not obtain authorization from Barham to copy the Barham Photographs.
[Barham Decl. ¶¶ 16-19]

**Response to Paragraph 20**:  **Disputed.**  Getty Images obtained authorization from
Barham, via his authorized representatives, to copy his photographs at issue.  Getty Images
incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

21.     Charles Baus ("Baus") is the author and owner of valid copyright registrations to
the photographs attached to his declaration in support of the present motion (the "Baus
Photographs").  [Liebowitz Decl. ¶¶ 44-54 (Ex. 7, 8, 9); Baus Decl. ¶¶ 5-15 (Exs. A, B)]

**Response to Paragraph 21**:  **Disputed in part.**  Getty Images does not dispute that Baus
is the author of the photographs attached to his declaration.  Whether the registrations of those
photographs are valid is a legal conclusion.  For some of Baus' photographs, the effective date of
the registration is more than five years after first publication.  There is thus no presumption of
the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

22.     The Baus Photographs are on deposit with the Copyright Office.  [Liebowitz
Decl. ¶¶ 52-54; Carrillo Decl. ¶ 7; Halperin Decl. ¶ 8; Bivona Decl. ¶ 7]

**Response to Paragraph 22**:  **Undisputed.**  Getty Images has no reason at this time to
dispute Plaintiffs' assertion that the Baus Photographs are on deposit with the Copyright Office.

23.     Getty copied the Baus Photographs.  [Liebowitz Decl. ¶¶ 55 (Ex. 1-B);
McKiernan Decl. ¶ 10]

**Response to Paragraph 23**: **Undisputed.** Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Baus Photographs. *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

24.     Getty did not obtain authorization from Baus to copy the Baus Photographs. [Baus Decl. ¶¶ 16-19]

**Response to Paragraph 24**: **Disputed.** Getty Images obtained authorization from Baus, via his authorized representatives, to copy his photographs at issue. Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

25.     Andrew Dieb ("Dieb") is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Dieb Photographs"). [Liebowitz Decl. ¶¶ 56-70 (Ex. 10, 11, 12, 13, 14); Dieb Decl. ¶¶ 5-21 (Exs. A, B, C, D, E)]

**Response to Paragraph 25**: **Disputed in part.** Getty Images does not dispute that Dieb is the author of the photographs attached to his declaration. Whether the registrations of those photographs are valid is a legal conclusion. For some of Dieb's photographs, the effective date of the registration is more than five years after first publication. There is thus no presumption of the validity of the copyright and of the facts stated in the certificate. 17 U.S.C. § 410(c). Moreover, there is no reason to assume that the information in the registrations is valid, as some appears on its face to conflict with Dieb's declaration. For example, Dieb states that the photographs attached as Exhibit B to his declaration are covered by registration number VA 2-

022-189, but the majority of the file names for those images do not appear in VA 2-022-189.
*Compare* Dkt. 123-2 at DIEB09085, *with* Dkt. 137-13.


26.     The Dieb Photographs are on deposit with the Copyright Office.  [Liebowitz Decl.
¶¶ 68-70; Carrillo Decl. ¶ 7; Halperin Decl. ¶ 8; Bivona Decl. ¶ 7]

    **Response to Paragraph 26**:  **Undisputed.**  Getty Images has no reason at this time to
dispute Plaintiffs' assertion that the Dieb Photographs are on deposit with the Copyright Office.


27.     Getty copied the Dieb Photographs.  [Liebowitz Decl. ¶¶ 71 (Ex. 1-B);
McKiernan Decl. ¶ 11]

    **Response to Paragraph 27**:  **Undisputed.**  Getty Images does not dispute that in the
process of migrating accepted images from Corbis' system to the Getty Images Enterprise
Submission Platform, Getty Images' system uploaded the Dieb Photographs.  *See* Dkt. 89
(Kortegard Decl.) ¶ 9.


28.     Getty did not obtain authorization from Dieb to copy the Dieb Photographs.
[Dieb Decl. ¶¶ 22-25]

    **Response to Paragraph 28**:  **Disputed.**  Getty Images obtained authorization from Dieb,
via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates
by reference herein its responses to Paragraphs 5-6, 8, and 10.


29.     Manny Flores ("Flores") is the author and owner of valid copyright registrations
to the photographs attached to his declaration in support of the present motion (the "Flores

Photographs"). [Liebowitz Decl. ¶¶ 72-90 (Ex. 15, 16, 17, 18, 19, 20, 21); Flores Decl. ¶¶ 5-27

(Exs. A, B, C, D, E, F, G)]

     <u>**Response to Paragraph 29**</u>: **Disputed in part.**  Getty Images does not dispute that

Flores is the author of the photographs attached to his declaration.  Whether the registrations of

those photographs are valid is a legal conclusion.  For some of Flores' photographs, the effective

date of the registration is more than five years after first publication.  There is thus no

presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. §

410(c).  Moreover, there is no reason to assume that the information in the registrations is valid,

as some appears on its face to conflict with Flores' declaration.  For example, Flores states that

the photographs attached as Exhibit C to his declaration are covered by registration number VA

2-023-334, but some of those images do not appear in VA 2-023-334.  *See, e.g.*, Dkt. 136-6 at

FLOR11603*, with* Dkt. 137-19.


     30.     The Flores Photographs are on deposit with the Copyright Office.  [Liebowitz

Decl. ¶¶ 88-90; Carrillo Decl. ¶ 7; Halperin Decl. ¶ 8; Bivona Decl. ¶ 7]

     <u>**Response to Paragraph 30**</u>: **Undisputed.**  Getty Images has no reason at this time to

dispute Plaintiffs' assertion that the Flores Photographs are on deposit with the Copyright Office.


     31.     Getty copied the Flores Photographs.  [Liebowitz Decl. ¶¶ 91 (Ex. 1-B);

McKiernan Decl. ¶ 12]

     <u>**Response to Paragraph 31**</u>: **Undisputed.**  Getty Images does not dispute that in the

process of migrating accepted images from Corbis' system to the Getty Images Enterprise

Submission Platform, Getty Images' system uploaded the Flores Photographs.  *See* Dkt. 89

(Kortegard Decl.) ¶ 9.

32.     Getty did not obtain authorization from Flores to copy the Flores Photographs.
[Flores Decl. ¶¶ 28-31]

**Response to Paragraph 32**:  **Disputed.**  Getty Images obtained authorization from

Flores, via his authorized representatives, to copy his photographs at issue.  Getty Images

incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

33.     Louis Lopez ("Lopez") is the author and owner of valid copyright registrations to

the photographs attached to his declaration in support of the present motion (the "Lopez

Photographs").  [Liebowitz Decl. ¶¶ 92-110 (Ex. 22, 23, 24, 25, 26, 27, 28); Lopez Decl. ¶¶ 5-27

(Exs. A, B, C, D, E, F, G)]

**Response to Paragraph 33**:  **Disputed in part.**  Getty Images does not dispute that

Lopez is the author of the photographs attached to his declaration.  Whether the registrations of

those photographs are valid is a legal conclusion.  For some of Lopez's photographs, the

effective date of the registration is more than five years after first publication.  There is thus no

presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. §

410(c).  Moreover, there is no reason to assume that the information in the registrations is valid,

as some appears on its face to conflict with Lopez's declaration.  For example, Lopez states that

the photographs attached as Exhibit C to his declaration were published in 2012 and are covered

by registration number VA 2-025-320, but some of those images appear on their face to have

been published in 2011, and some of the file names for those images do not appear in VA 2-025-320.  *Compare* Dkt. 132-4 at LOP21473, *with* Dkt. 137-26.

34.     The Lopez Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 108-110; Carrillo Decl. ¶ 7; Halperin Decl. ¶ 8; Bivona Decl. ¶ 7]

**Response to Paragraph 34**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Lopez Photographs are on deposit with the Copyright Office.

35.     Getty copied the Lopez Photographs.  [Liebowitz Decl. ¶¶ 111 (Ex. 1-B); McKiernan Decl. ¶ 13]

**Response to Paragraph 35**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Lopez Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

36.     Getty did not obtain authorization from Lopez to copy the Lopez Photographs. [Lopez Decl. ¶¶ 28-31]

**Response to Paragraph 36**:  **Disputed.**  Getty Images obtained authorization from Lopez, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

37.     John Middlebrook ("Middlebrook") is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the

"Middlebrook Photographs").  [Liebowitz Decl. ¶¶ 112-124 (Ex. 29, 30, 31, 32); Middlebrook

Decl. ¶¶ 5-19 (Exs. A, B, C, D)]

**Response to Paragraph 37**:  **Disputed in part.**  Getty Images does not dispute that

Middlebrook is the author of the photographs attached to his declaration.  Whether the

registrations of those photographs are valid is a legal conclusion.  For some of Middlebrook's

photographs, the effective date of the registration is more than five years after first publication.

There is thus no presumption of the validity of the copyright and of the facts stated in the

certificate.  17 U.S.C. § 410(c).

38.    The Middlebrook Photographs are on deposit with the Copyright Office.

[Liebowitz Decl. ¶¶ 122-124; Carrillo Decl. ¶ 7; Halperin Decl. ¶ 8; Bivona Decl. ¶ 7]

**Response to Paragraph 38**:  **Undisputed.**  Getty Images has no reason at this time to

dispute Plaintiffs' assertion that the Middlebrook Photographs are on deposit with the Copyright

Office.

39.    Getty copied the Middlebrook Photographs.  [Liebowitz Decl. ¶¶ 125 (Ex. 1-B);

McKiernan Decl. ¶ 14]

**Response to Paragraph 39**:  **Undisputed.**  Getty Images does not dispute that in the

process of migrating accepted images from Corbis' system to the Getty Images Enterprise

Submission Platform, Getty Images' system uploaded the Middlebrook Photographs.  *See* Dkt.

89 (Kortegard Decl.) ¶ 9.

40.     Getty did not obtain authorization from Middlebrook to copy the Middlebrook

Photographs.  [Middlebrook Decl. ¶¶ 20-23]

**Response to Paragraph 40**:  **Disputed.**  Getty Images obtained authorization from

Middlebrook, via his authorized representatives, to copy his photographs at issue.  Getty Images

incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.


41.     Christopher Szagola ("Szagola") is the author and owner of valid copyright

registrations to the photographs attached to his declaration in support of the present motion (the

"Szagola Photographs").  [Liebowitz Decl. ¶¶ 126-150 (Ex. 33, 34, 35, 36, 37, 38, 39, 40, 41,

42); Szagola Decl. ¶¶ 5-36 (Exs. A, B, C, D, E, F, G, H, I, J)]

**Response to Paragraph 41**:  **Disputed in part.**  Getty Images does not dispute that

Szagola is the author of the photographs attached to his declaration.  Whether the registrations of

those photographs are valid is a legal conclusion.  For some of Szagola's photographs, the

effective date of the registration is more than five years after first publication.  There is thus no

presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. §

410(c).  Moreover, there is no reason to assume that the information in the registrations is valid,

as some appears on its face to conflict with Szagola's declaration.  For example, Szagola states

that the photographs attached as Exhibit A to his declaration were published in 2012 and are

covered by registration number VA 2-022-123, but some of those images appear on their face to

have been published in 2011, and some of the file names for those images do not appear in VA

2-022-123.  *Compare* Dkt. 128-1 at SZA47379, *with* Dkt. 137-35.

42.     The Szagola Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 148-150; Carrillo Decl. ¶ 7; Halperin Decl. ¶ 8; Bivona Decl. ¶ 7]

**Response to Paragraph 42**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Szagola Photographs are on deposit with the Copyright Office.

43.     Getty copied the Szagola Photographs.  [Liebowitz Decl. ¶¶ 151 (Ex. 1-B); McKiernan Decl. ¶ 15]

**Response to Paragraph 43**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Szagola Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

44.     Getty did not obtain authorization from Szagola to copy the Szagola Photographs. [Szagola Decl. ¶¶ 37-40]

**Response to Paragraph 44**:  **Disputed.**  Getty Images obtained authorization from Szagola, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

45.     Duncan Williams ("Williams") is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Williams Photographs").  [Liebowitz Decl. ¶¶ 152-170 (Ex. 43, 44, 45, 46, 47, 48, 49); Williams Decl. ¶¶ 5-27 (Exs. A, B, C, D, E, F, G)]

**Response to Paragraph 45**: **Disputed in part.** Getty Images does not dispute that Williams is the author of the photographs attached to his declaration.  Whether the registrations of those photographs are valid is a legal conclusion.  For some of Williams' photographs, the effective date of the registration is more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).  Moreover, there is no reason to assume that the information in the registrations is valid, as some appears on its face to conflict with Williams' declaration.  For example, Williams states that the photographs attached as Exhibit A to his declaration are covered by registration number VA 2-025-256, but some of the file names for those images do not appear in VA 2-025-256.  *Compare* Dkt. 126-1 at WIL13407*, with* Dkt. 137-45.

46.     The Williams Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 168-170; Carrillo Decl. ¶ 7; Halperin Decl. ¶ 8; Bivona Decl. ¶ 7]

**Response to Paragraph 46**: **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Williams Photographs are on deposit with the Copyright Office.

47.     Getty copied the Williams Photographs.  [Liebowitz Decl. ¶¶ 171 (Ex. 1-B); McKiernan Decl. ¶ 16]

**Response to Paragraph 47**: **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Williams Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

48.     Getty did not obtain authorization from Williams to copy the Williams

Photographs.  [Williams Decl. ¶¶ 28-31]

**Response to Paragraph 48**:  **Disputed.**  Getty Images obtained authorization from

Williams, via his authorized representatives, to copy his photographs at issue.  Getty Images

incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.


49.     Altaf Zargar ("Zargar") is a photographer who has an exclusive licensing

agreement with Zuma.  [Zargar Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 17]

**Response to Paragraph 49**:  **Undisputed.**


50.     Zargar is the author and owner of valid copyright registrations to the photographs

attached to his declaration in support of the present motion (the "Zargar Photographs").

[Liebowitz Decl. ¶¶ 172-178 (Ex. 50); Zargar Decl. ¶¶ 9-13 (Ex. B)]

**Response to Paragraph 50**:  **Disputed in part.**  Getty Images does not dispute that

Zargar is the author of the photographs attached to his declaration.  Whether the registration of

those photographs is valid is a legal conclusion.  The effective date of the registration is more

than five years after first publication.  There is thus no presumption of the validity of the

copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).


51.     The Zargar Photographs are on deposit with the Copyright Office.  [Liebowitz

Decl. ¶¶ 177-178; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 51**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Zargar Photographs are on deposit with the Copyright Office.

52.      Getty copied the Zargar Photographs.  [Liebowitz Decl. ¶¶ 179 (Ex. 1-B); McKiernan Decl. ¶ 18]

**Response to Paragraph 52**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Zargar Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

53.      Getty did not obtain authorization from Williams to copy the Williams Photographs.  [Zargar Decl. ¶¶ 14-17]

**Response to Paragraph 53**:  **Disputed.**  Getty Images obtained authorization from Williams, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

54.      Andrew Gyopar ("Gyopar") is a photographer who has an exclusive licensing agreement with Zuma.  [Gyopar Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 19]

**Response to Paragraph 54**:  **Undisputed.**

55.      Gyopar is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Gyopar Photographs").  [Liebowitz Decl. ¶¶ 172-178 (Ex. 50, 51); Gyopar Decl. ¶¶ 9-16 (Ex. B)]

**Response to Paragraph 55**: **Disputed in part.** Getty Images does not dispute that Gyopar is the author of the photographs attached to his declaration.  Whether the registrations of those photographs are valid is a legal conclusion.  For some of Gyopar's photographs, the effective date of the registration is more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

56.     The Gyopar Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 187-189; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 56**: **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Gyopar Photographs are on deposit with the Copyright Office.

57.     Getty copied the Gyopar Photographs.  [Liebowitz Decl. ¶¶ 190 (Ex. 1-B); McKiernan Decl. ¶ 20]

**Response to Paragraph 57**: **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Gyopar Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

58.     Getty did not obtain authorization from Gyopar nor Zuma to copy the Gyopar Photographs.  [Gyopar Decl. ¶¶ 17-20]

**Response to Paragraph 58**:  **Disputed.**  Getty Images obtained authorization from Gyopar, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.


59.     Aristidis Vafeiadakis ("Vafeiadakis") is a photographer who has an exclusive licensing agreement with Zuma.  [Vafeiadakis Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 21]

**Response to Paragraph 59**:  **Undisputed.**


60.     Vafeiadakis is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Vafeiadakis Photographs").  [Liebowitz Decl. ¶¶ 191-197 (Ex. 53); Vafeiadakis Decl. ¶¶ 9-13 (Ex. B)]

**Response to Paragraph 60**:  **Disputed in part.**  Getty Images does not dispute that Vafeiadakis is the author of the photographs attached to his declaration.  Whether the registrations of those photographs are valid is a legal conclusion.  Vafeiadakis states that the photographs attached as Exhibit B to his declaration are covered by VA 2-038-466, but the file name of at least one image does not appear in VA 2-038-466.  *Compare* Dkt. 75-2 at VAD00460 *with* Dkt. 137-55.


61.     The Vafeiadakis Photographs are on deposit with the Copyright Office. [Liebowitz Decl. ¶¶ 196-197; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 61**:  **Disputed in part.**  Vafeiadakis states that the photographs attached as Exhibit B to his declaration are covered by VA 2-038-466, which is the only registration that has been produced for Vafeiadakis' photographs, but the file name of at least

one image does not appear in VA 2-038-466.  *Compare* Dkt. 75-2 at VAD00460, *with* Dkt. 137-55

62.     Getty copied the Vafeiadakis Photographs.  [Liebowitz Decl. ¶¶ 190 (Ex. 1-B); McKiernan Decl. ¶ 22]

**Response to Paragraph 62**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Vafeiadakis Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

63.     Getty did not obtain authorization from Vafeiadakis to copy the Vafeiadakis Photographs.  [Vafeiadakis Decl. ¶¶ 14-17]

**Response to Paragraph 63**:  **Disputed.**  Getty Images obtained authorization from Vafeiadakis, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

64.     On or about April 5, 2016, Vafeiadakis contacted Getty to notify Getty of the infringement of his photographs.  [Vafeiadakis Decl. ¶¶ 19-20, Ex. C]

**Response to Paragraph 64**:  **Disputed.**  Plaintiffs have failed to provide any communication from Vafeiadakis notifying Getty Images of any alleged infringement of his photographs and Getty Images has no record of such a communication.  Instead, in support of this statement, Plaintiffs have attached to Vafeiadakis' declaration only a "copy of a screenshot from the URL" from which Vafeiadakis claims to have made an inquiry to Getty Images.

65.     Brian Cahn ("Cahn") is a photographer who has an exclusive licensing agreement with Zuma.  [McKiernan Decl. ¶ 23]

**Response to Paragraph 65**:  **Disputed.**  Exclusive licenses must be in writing and signed by the owner of the rights conveyed, *see* 17 U.S.C. § 204.  Plaintiffs have failed to submit an exclusive licensing agreement between Zuma and Brian Cahn in support of their summary judgment motion.

66.     Cahn is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Cahn Photographs").  [Liebowitz Decl. ¶¶ 199-205 (Ex. 54)]

**Response to Paragraph 66**:  **Disputed.**  Plaintiffs refer to but did not submit a declaration from Cahn.

67.     The Cahn Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 204-205; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 67**:  **Disputed.**  Because Plaintiffs did not submit a declaration from Cahn, Getty Images is unable to identify the "Cahn Photographs" to which Plaintiffs refer.

68.     Getty copied the Cahn Photographs.  [Liebowitz Decl. ¶¶ 190 (Ex. 1-B); McKiernan Decl. ¶ 24]

**Response to Paragraph 68**:  **Disputed.**  Because Plaintiffs did not submit a declaration from Cahn, Getty Images is unable to identify the "Cahn Photographs" to which Plaintiffs refer.

69.    Brian Smith ("Smith") is a photographer who has an exclusive licensing agreement with Zuma.  [Smith Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 25]

**Response to Paragraph 69**:  **Undisputed.**

70.    Smith is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Smith Photographs"). [Liebowitz Decl. ¶¶ 207-218 (Ex. 55, 56, 57); Smith Decl. ¶¶ 9-19 (Ex. B, C, D)]

**Response to Paragraph 70**:  **Disputed in part.**  Getty Images does not dispute that Smith is the author of the photographs attached to his declaration.  Whether the registrations of those photographs are valid is a legal conclusion.  For some of Smith's photographs, the effective date of the registration is more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

71.    The Smith Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 216-218; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 71**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Smith Photographs are on deposit with the Copyright Office.

72.    Getty copied the Smith Photographs.  [Liebowitz Decl. ¶¶ 219 (Ex. 1-B); McKiernan Decl. ¶ 26]

**Response to Paragraph 72**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise

30

Submission Platform, Getty Images' system uploaded the Smith Photographs.  *See* Dkt. 89

(Kortegard Decl.) ¶ 9.


73.     Getty did not obtain authorization from Smith to copy the Smith Photographs.

[Smith Decl. ¶¶ 20-24]

**Response to Paragraph 73**:  **Disputed.**  Getty Images obtained authorization from

Smith, via his authorized representatives, to copy his photographs at issue.  Getty Images

incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.


74.     Craig Durling ("Durling") is a photographer who has an exclusive licensing

agreement with Zuma.  [Durling Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 27]

**Response to Paragraph 74**:  **Undisputed.**


75.     Smith is the author and owner of valid copyright registrations to the photographs

attached to his declaration in support of the present motion (the "Durling Photographs").

[Liebowitz Decl. ¶¶ 220-226 (Ex. 58); Durling Decl. ¶¶ 9-13 (Ex. B)]

**Response to Paragraph 75**:  **Undisputed.**  Getty Images notes that the reference in

Paragraph 75 to Smith appears to be a typographical error and assumes for purposes of

responding that Plaintiffs' reference was intended to be to Durling.


76.     The Durling Photographs are on deposit with the Copyright Office.  [Liebowitz

Decl. ¶¶ 225-226; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 76**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Durling Photographs are on deposit with the Copyright Office.

77.     Getty copied the Durling Photographs.  [Liebowitz Decl. ¶¶ 227 (Ex. 1-B); McKiernan Decl. ¶ 28]

**Response to Paragraph 77**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Durling Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

78.     Getty did not obtain authorization from Durling to copy the Durling Photographs.  [Durling Decl. ¶¶ 14-17]

**Response to Paragraph 78**:  **Disputed.**  Getty Images obtained authorization from Durling, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

79.     Dan Anderson ("Anderson") is a photographer who has an exclusive licensing agreement with Zuma.  [Anderson Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 29]

**Response to Paragraph 79**:  **Undisputed.**

80.     Anderson is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Anderson Photographs").  [Liebowitz Decl. ¶¶ 228-234 (Ex. 59); Anderson Decl. ¶¶ 9-13 (Ex. B)]

**Response to Paragraph 80**:  **Disputed in part.**  Getty Images does not dispute that Anderson is the author of the photographs attached to his declaration.  Whether the registration of those photographs is valid is a legal conclusion.  The effective date of the registration is more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

81.     The Anderson Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 233-234; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 81**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Anderson Photographs are on deposit with the Copyright Office.

82.     Getty copied the Anderson Photographs.  [Liebowitz Decl. ¶¶ 235 (Ex. 1-B); McKiernan Decl. ¶ 30]

**Response to Paragraph 82**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Anderson Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

83.     Getty did not obtain authorization from Anderson to copy the Anderson Photographs.  [Anderson Decl. ¶¶ 14-17]

**Response to Paragraph 83**:  **Disputed.**  Getty Images obtained authorization from Anderson, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

84.     David Becker ("Becker") is a photographer who has an exclusive licensing agreement with Zuma.  [Becker Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 31]

**Response to Paragraph 84**:  **Undisputed.**

85.     Becker is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Becker Photographs").  [Liebowitz Decl. ¶¶ 236-245 (Exs. 60, 61); Becker Decl. ¶¶ 9-16 (Exs. B, C)]

**Response to Paragraph 85**:  **Disputed in part.**  Getty Images does not dispute that Becker is the author of the photographs attached to his declaration.  Whether the registrations of those photographs are valid is a legal conclusion.  For some of Becker's photographs, the effective date of the registration is more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

86.     The Becker Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 244-45; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 86**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Becker Photographs are on deposit with the Copyright Office.

87.    Getty copied the Becker Photographs.  [Liebowitz Decl. ¶¶ 246 (Ex. 1-B);
McKiernan Decl. ¶ 32]

**Response to Paragraph 87**:  **Undisputed.**  Getty Images does not dispute that in the
process of migrating accepted images from Corbis' system to the Getty Images Enterprise
Submission Platform, Getty Images' system uploaded the Becker Photographs.  *See* Dkt. 89
(Kortegard Decl.) ¶ 9.

88.    Getty did not obtain authorization from Becker to copy the Becker Photographs.
[Becker Decl. ¶¶ 17-20]

**Response to Paragraph 88**:  **Disputed.**  Getty Images obtained authorization from
Becker, via his authorized representatives, to copy his photographs at issue.  Getty Images
incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

89.    David Bukach ("Bukach") is a photographer who has an exclusive licensing
agreement with Zuma.  [Bukach Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 33]

**Response to Paragraph 89**:  **Undisputed.**

90.    Bukach is the author and owner of valid copyright registrations to the photographs
attached to his declaration in support of the present motion (the "Bukach Photographs").
[Liebowitz Decl. ¶¶ 247-253 (Ex. 62); Bukach Decl. ¶¶ 9-13 (Ex. B)]

**Response to Paragraph 90**:  **Disputed in part.**  Getty Images does not dispute that
Bukach is the author of the photographs attached to his declaration.  Whether the registration of

those photographs is valid is a legal conclusion.  The effective date of the registration is more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

91.     The Bukach Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 252-253; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 91**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Bukach Photographs are on deposit with the Copyright Office.

92.     Getty copied the Bukach Photographs.  [Liebowitz Decl. ¶¶ 254 (Ex. 1-B); McKiernan Decl. ¶ 34]

**Response to Paragraph 92**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Bukach Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

93.     Getty did not obtain authorization from Bukach to copy the Bukach Photographs.  [Bukach Decl. ¶¶ 14-17]

**Response to Paragraph 93**:  **Disputed.**  Getty Images obtained authorization from Bukach, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

94.     Erik Lesser ("Lesser") is a photographer who has an exclusive licensing

agreement with Zuma.  [Lesser Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 35]

     **Response to Paragraph 94**:  **Undisputed.**


95.     Lesser is the author and owner of valid copyright registrations to the photographs

attached to his declaration in support of the present motion (the "Lesser Photographs").

[Liebowitz Decl. ¶¶ 255-261 (Ex. 63); Lesser Decl. ¶¶ 9-13 (Ex. B)]

     **Response to Paragraph 95**:  **Disputed in part.**  Getty Images does not dispute that

Lesser is the author of the photographs attached to his declaration.  Whether the registration of

those photographs is valid is a legal conclusion.  For some of Lesser's photographs, the effective

date of the registration is more than five years after first publication.  There is thus no

presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. §

410(c).


96.     The Lesser Photographs are on deposit with the Copyright Office.  [Liebowitz

Decl. ¶¶ 259-61; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

     **Response to Paragraph 96**:  **Undisputed.**  Getty Images has no reason at this time to

dispute Plaintiffs' assertion that the Lesser Photographs are on deposit with the Copyright Office.


97.     Getty copied the Lesser Photographs.  [Liebowitz Decl. ¶¶ 262 (Ex. 1-B);

McKiernan Decl. ¶ 36]

     **Response to Paragraph 97**:  **Undisputed.**  Getty Images does not dispute that in the

process of migrating accepted images from Corbis' system to the Getty Images Enterprise

Submission Platform, Getty Images' system uploaded the Lesser Photographs.  *See* Dkt. 89

(Kortegard Decl.) ¶ 9.

98.     Getty did not obtain authorization from Lesser to copy the Lesser Photographs.

[Lesser Decl. ¶¶ 14-17]

**Response to Paragraph 98**:  **Disputed.**  Getty Images obtained authorization from

Lesser, via his authorized representatives, to copy his photographs at issue.  Getty Images

incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

99.     Gary Dwight Miller ("Miller") is a photographer who has an exclusive licensing

agreement with Zuma.  [Miller Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 37]

**Response to Paragraph 99**:  **Undisputed.**

100.    Miller is the author and owner of valid copyright registrations to the photographs

attached to his declaration in support of the present motion (the "Miller Photographs").

[Liebowitz Decl. ¶¶ 263-269 (Ex. 64); Miller Decl. ¶¶ 9-13 (Ex. B)]

**Response to Paragraph 100**:  **Disputed in part.**  Getty Images does not dispute that

Miller is the author of the photographs attached to his declaration.  Whether the registration of

those photographs is valid is a legal conclusion.  The effective date of the registration is more

than five years after first publication.  There is thus no presumption of the validity of the

copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

101.    The Miller Photographs are on deposit with the Copyright Office.  [Liebowitz

Decl. ¶¶ 267-269; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 101**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Miller Photographs are on deposit with the Copyright Office.

102.    Getty copied the Miller Photographs.  [Liebowitz Decl. ¶¶ 270 (Ex. 1-B); McKiernan Decl. ¶ 38]

**Response to Paragraph 102**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Miller Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

103.    Getty did not obtain authorization from Miller to copy the Miller Photographs. [Miller Decl. ¶¶ 14-17]

**Response to Paragraph 103**:  **Disputed.**  Getty Images obtained authorization from Miller, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

104.    Hector Acevedo ("Acevedo") is a photographer who has an exclusive licensing agreement with Zuma.  [Acevedo Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 39]

**Response to Paragraph 104**:  **Undisputed.**

105.    Acevedo is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Acevedo Photographs").  [Liebowitz Decl. ¶¶ 271-280 (Exs. 65, 66); Miller Decl. ¶¶ 9-16 (Exs. B, C)]

**Response to Paragraph 105**:  **Disputed in part.**  Getty Images does not dispute that Acevedo is the author of the photographs attached to his declaration.  Whether the registrations of those photographs are valid is a legal conclusion.  For some of Acevedo's photographs, the effective date of the registration is more than five years after first publication.  There is thus no presumption of no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

106.    The Acevedo Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 278-280; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 106**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Acevedo Photographs are on deposit with the Copyright Office.

107.    Getty copied the Acevedo Photographs.  [Liebowitz Decl. ¶¶ 281 (Ex. 1-B); McKiernan Decl. ¶ 40]

**Response to Paragraph 107**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Acevedo Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

108.    Getty did not obtain authorization from Acevedo to copy the Acevedo Photographs.  [Acevedo Decl. ¶¶ 17-20]

**Response to Paragraph 108**:  **Disputed.**  Getty Images obtained authorization from Acevedo, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

109.    Howard Sayer ("Sayer") is a photographer who has an exclusive licensing agreement with Zuma.  [Sayer Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 41]

**Response to Paragraph 109**:  **Undisputed.**

110.    Sayer is the author and owner of valid copyright registrations to the photograph attached to his declaration in support of the present motion (the "Sayer Photograph").  [Liebowitz Decl. ¶¶ 282-288 (Ex. 67); Sayer Decl. ¶¶ 9-13 (Ex. B)]

**Response to Paragraph 110**:  **Undisputed.**

111.    The Sayer Photograph is on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 286-288; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 111**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Sayer Photograph is on deposit with the Copyright Office.

112.    Getty copied the Sayer Photograph.  [Liebowitz Decl. ¶¶ 289 (Ex. 1-B); McKiernan Decl. ¶ 42]

**Response to Paragraph 112**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise

Submission Platform, Getty Images' system uploaded the Sayer Photograph.  *See* Dkt. 89

(Kortegard Decl.) ¶ 9.

113.    Getty did not obtain authorization from Sayer to copy the Sayer Photograph.

[Sayer Decl. ¶¶ 17-20]

**Response to Paragraph 113**:  **Disputed.**  Getty Images obtained authorization from

Sayer, via his authorized representatives, to copy his photograph at issue.  Getty Images

incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.


114.    Jason Edward Moore ("Moore") is a photographer who has an exclusive licensing

agreement with Zuma.  [Moore Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 43]

**Response to Paragraph 114**:  **Undisputed.**


115.    Moore is the author and owner of valid copyright registrations to the photographs

attached to his declaration in support of the present motion (the "Moore Photographs").

[Liebowitz Decl. ¶¶ 290-299 (Exs. 68, 69); Miller Decl. ¶¶ 9-16 (Exs. B, C)]

**Response to Paragraph 115**:  **Disputed in part.**  Getty Images does not dispute that

Moore is the author of the photographs attached to his declaration.  Whether the registrations of

those photographs are valid is a legal conclusion.  For some of Moore's photographs, the

effective date of the registration is more than five years after first publication.  There is thus no

presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. §

410(c).  Moreover, there is no reason to assume that the information in the registrations is valid,

as some appears on its face to conflict with Moore's declaration.  For example, Moore states that

the photographs attached as Exhibit B to his declaration are covered by registration number VA

2-022-373, but some of the file names for those images do not appear in VA 2-022-373. *Compare* Dkt. 94-2 at MOOR03306 *with* Dkt. 137-70.

116.     The Moore Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 297-299; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 116**:  **Disputed in part.**  The file name of at least one image does not appear in either of the two registrations Plaintiffs have submitted for Moore.  *Compare* Dkt. 94-2 at MOOR03306 *with* Dkts. 137-70, 137-71.

117.     Getty copied the Moore Photographs.  [Liebowitz Decl. ¶¶ 300 (Ex. 1-B); McKiernan Decl. ¶ 44]

**Response to Paragraph 117**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Moore Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

118.     Getty did not obtain authorization from Moore to copy the Moore Photographs. [Moore Decl. ¶¶ 17-20]

**Response to Paragraph 118**:  **Disputed.**  Getty Images obtained authorization from Moore, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

119.    Jed Conklin ("Conklin") is a photographer who has an exclusive licensing

agreement with Zuma.  [Conklin Decl. ¶¶ 5 (Ex. A); McKiernan Decl. ¶ 45]

    **Response to Paragraph 119**:  **Undisputed.**


120.    Conklin is the author and owner of valid copyright registrations to the

photographs attached to his declaration in support of the present motion (the "Conklin

Photographs").  [Liebowitz Decl. ¶¶ 301-318 (Exs. 70, 71, 72, 73, 74, 75); Conklin Decl. ¶¶ 6-25

(Exs. B, C, D, E, F, G)]

    **Response to Paragraph 120**:  **Disputed in part.**  Getty Images does not dispute that

Conklin is the author of the photographs attached to his declaration.  Whether the registrations of

those photographs are valid is a legal conclusion.  For some of Conklin's photographs, the

effective date of the registration is more than five years after first publication.  There is thus no

presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. §

410(c).


121.    The Conklin Photographs are on deposit with the Copyright Office.  [Liebowitz

Decl. ¶¶ 316-318; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

    **Response to Paragraph 121**:  **Undisputed.**  Getty Images has no reason at this time to

dispute Plaintiffs' assertion that the Conklin Photographs are on deposit with the Copyright

Office.


122.    Getty copied the Conklin Photographs.  [Liebowitz Decl. ¶¶ 319 (Ex. 1-B);

McKiernan Decl. ¶ 46]

**Response to Paragraph 122**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Conklin Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

123.    Getty did not obtain authorization from Conklin to copy the Conklin Photographs. [Conklin Decl. ¶¶ 26-29]

**Response to Paragraph 123**:  **Disputed.**  Getty Images obtained authorization from Conklin, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

124.    Jeffrey Geller ("Geller") is a photographer who has an exclusive licensing agreement with Zuma.  [Geller Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 47]

**Response to Paragraph 124**:  **Undisputed.**

125.    Geller is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Geller Photographs"). [Liebowitz Decl. ¶¶ 320-329 (Exs. 76, 77); Geller Decl. ¶¶ 9-16 (Exs. B, C)]

**Response to Paragraph 125**:  **Disputed in part.**  Getty Images does not dispute that Geller is the author of the photographs attached to his declaration.  Whether the registrations of those photographs are valid is a legal conclusion.  The effective dates of the registrations are more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

126.    The Geller Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 327-329; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 126**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Geller Photographs are on deposit with the Copyright Office.

127.    Getty copied the Geller Photographs.  [Liebowitz Decl. ¶¶ 330 (Ex. 1-B); McKiernan Decl. ¶ 48]

**Response to Paragraph 127**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Geller Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

128.    Getty did not obtain authorization from Geller to copy the Geller Photographs. [Geller Decl. ¶¶ 17-20]

**Response to Paragraph 128**:  **Disputed.**  Getty Images obtained authorization from Geller, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

129.    Jeremy Breningstall ("Breningstall") is a photographer who has an exclusive licensing agreement with Zuma.  [Breningstall Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 49]

**Response to Paragraph 129**:  **Undisputed.**

130.    Breningstall is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Breningstall Photographs").  [Liebowitz Decl. ¶¶ 331-340 (Exs. 78, 79); Breningstall Decl. ¶¶ 9-16 (Exs. B, C)]

**Response to Paragraph 130**:  **Disputed in part.**  Getty Images does not dispute that Breningstall is the author of the photographs attached to his declaration.  Whether the registrations of those photographs are valid is a legal conclusion.  For some of Breningstall's photographs, the effective date of the registration is more than five years after first publication. There is no presumption of the validity of the copyright and of the facts stated in the certificate. 17 U.S.C. § 410(c).

131.    The Breningstall Photographs are on deposit with the Copyright Office. [Liebowitz Decl. ¶¶ 338-340; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 131**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Breningstall Photographs are on deposit with the Copyright Office.

132.    Getty copied the Breningstall Photographs.  [Liebowitz Decl. ¶¶ 341 (Ex. 1-B); McKiernan Decl. ¶ 50]

**Response to Paragraph 132**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Breningstall Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

133.    Getty did not obtain authorization from Breningstall to copy the Breningstall
Photographs.  [Breningstall Decl. ¶¶ 17-20]

**Response to Paragraph 133**:  **Disputed.**  Getty Images obtained authorization from
Breningstall, via his authorized representatives, to copy his photographs at issue.  Getty Images
incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.


134.    Jim Dedmon ("Dedmon") is a photographer who has an exclusive licensing
agreement with Zuma.  [Dedmon Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 51]

**Response to Paragraph 134**:  **Undisputed.**


135.    Dedmon is the author and owner of valid copyright registrations to the
photographs attached to his declaration in support of the present motion (the "Dedmon
Photographs").  [Liebowitz Decl. ¶¶ 342-351 (Exs. 80, 81); Dedmon Decl. ¶¶ 9-16 (Exs. B, C)]

**Response to Paragraph 135**:  **Disputed in part.**  Getty Images does not dispute that
Dedmon is the author of the photographs attached to his declaration.  Whether the registrations
of those photographs are valid is a legal conclusion.  For some of Dedmon's photographs, the
effective date of the registration is more than five years after first publication.  There is thus no
presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. §
410(c).


136.    The Dedmon Photographs are on deposit with the Copyright Office.  [Liebowitz
Decl. ¶¶ 349-351; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 136**: **Undisputed.** Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Dedmon Photographs are on deposit with the Copyright Office.

137.    Getty copied the Dedmon Photographs.  [Liebowitz Decl. ¶¶ 352 (Ex. 1-B); McKiernan Decl. ¶ 52]

**Response to Paragraph 137**: **Undisputed.** Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Dedmon Photographs. *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

138.    Getty did not obtain authorization from Dedmon to copy the Dedmon Photographs.  [Dedmon Decl. ¶¶ 17-20]

**Response to Paragraph 138**: **Disputed.** Getty Images obtained authorization from Dedmon, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

139.    Jonathan Alcorn ("Alcorn") is a photographer who has an exclusive licensing agreement with Zuma.  [Alcorn Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 53]

**Response to Paragraph 139**: **Undisputed.**

140.     Alcorn is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Alcorn Photographs"). [Liebowitz Decl. ¶¶ 353-359 (Ex. 82); Alcorn Decl. ¶¶ 9-13 (Ex. B)]

**Response to Paragraph 140**:  **Disputed in part.**  Getty Images does not dispute that Alcorn is the author of the photographs attached to his declaration.  Whether the registrations of those photographs are valid is a legal conclusion.  For some of Alcorn's photographs, the effective date of the registration is more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

141.     The Alcorn Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 357-359; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 141**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Alcorn Photographs are on deposit with the Copyright Office.

142.     Getty copied the Alcorn Photographs.  [Liebowitz Decl. ¶¶ 360 (Ex. 1-B); McKiernan Decl. ¶ 54]

**Response to Paragraph 142**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Alcorn Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

143.     Getty did not obtain authorization from Alcorn to copy the Alcorn Photographs. [Alcorn Decl. ¶¶ 14-17]

**Response to Paragraph 143**:  **Disputed.**  Getty Images obtained authorization from Alcorn, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

144.     Mark Bialek ("Bialek") is a photographer who has an exclusive licensing agreement with Zuma.  [Bialek Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 55]

**Response to Paragraph 144**:  **Undisputed.**

145.     Bialek is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Bialek Photographs"). [Liebowitz Decl. ¶¶ 361-370 (Ex. 83, 84); Bialek Decl. ¶¶ 9-16 (Exs. B, C)]

**Response to Paragraph 145**:  **Disputed in part.**  Getty Images does not dispute that Bialek is the author of the photographs attached to his declaration.  Whether the registrations of those photographs are valid is a legal conclusion.  For some of Bialek's photographs, the effective date of the registration is more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

146.     The Bialek Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 368-370; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 146**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Bialek Photographs are on deposit with the Copyright Office.

147.    Getty copied the Bialek Photographs.  [Liebowitz Decl. ¶¶ 371 (Ex. 1-B); McKiernan Decl. ¶ 56]

**Response to Paragraph 147**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Bialek Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

148.    Getty did not obtain authorization from Bialek to copy the Bialek Photographs.  [Bialek Decl. ¶¶ 17-20]

**Response to Paragraph 148**:  **Disputed.**  Getty Images obtained authorization from Bialek, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

149.    Mark Makela ("Makela") is a photographer who has an exclusive licensing agreement with Zuma.  [McKiernan Decl. ¶ 57]

**Response to Paragraph 149**:  **Disputed.**  Exclusive licenses must be in writing and signed by the owner of the rights conveyed, *see* 17 U.S.C. § 204.  Plaintiffs have failed to submit an exclusive licensing agreement between Zuma and Mark Makela in support of their summary judgment motion.

150.    Makela is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Makela Photographs"). [Liebowitz Decl. ¶¶ 372-381 (Exs. 85, 86)]

**Response to Paragraph 150**:  **Disputed.**  Plaintiffs refer to but did not submit a declaration from Makela.

151.    The Makela Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 379-381; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 151**:  **Disputed.**  Because Plaintiffs have failed to submit a declaration from Makela, Getty Images is unable to identify the "Makela Photographs" to which Plaintiffs refer.

152.    Getty copied the Makela Photographs.  [Liebowitz Decl. ¶¶ 382 (Ex. 1-B); McKiernan Decl. ¶ 58]

**Response to Paragraph 152**:  **Disputed.**  Because Plaintiffs have failed to submit a declaration from Makela, Getty Images is unable to identify the "Makela Photographs" to which Plaintiffs refer.

153.    Mark Sobhani ("Sobhani") is a photographer who has an exclusive licensing agreement with Zuma.  [Sobhani Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 59]

**Response to Paragraph 153**:  **Disputed.**  Exclusive licenses must be in writing and signed by the owner of the rights conveyed, *see* 17 U.S.C. § 204.  Plaintiffs have failed to submit

a signed copy of an exclusive licensing agreement between Zuma and Mark Sobhani in support

of their summary judgment motion.


154.     Sobhani is the author and owner of valid copyright registrations to the

photographs attached to his declaration in support of the present motion (the "Sobhani

Photographs").  [Liebowitz Decl. ¶¶ 383-389 (Ex. 87); Sobhani Decl. ¶¶ 9-13 (Ex. B)]

   **Response to Paragraph 154**:  **Undisputed.**


155.     The Sobhani Photographs are on deposit with the Copyright Office.  [Liebowitz

Decl. ¶¶ 387-389; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

   **Response to Paragraph 155**:  **Undisputed.**  Getty Images has no reason at this time to

dispute Plaintiffs' assertion that the Sobhani Photographs are on deposit with the Copyright

Office.


156.     Getty copied the Sobhani Photographs.  [Liebowitz Decl. ¶¶ 390 (Ex. 1-B);

McKiernan Decl. ¶ 60]

   **Response to Paragraph 156**:  **Undisputed.**  Getty Images does not dispute that in the

process of migrating accepted images from Corbis' system to the Getty Images Enterprise

Submission Platform, Getty Images' system uploaded the Sobhani Photographs.  *See* Dkt. 89

(Kortegard Decl.) ¶ 9.


157.     Getty did not obtain authorization from Sobhani to copy the Sobhani Photographs.

[Sobhani Decl. ¶¶ 14-17]

**Response to Paragraph 157**:  **Disputed.**  Getty Images obtained authorization from Sobhani, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

158.    Marty Bicek ("Bicek") is a photographer who has an exclusive licensing agreement with Zuma.  [Bicek Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 61]

**Response to Paragraph 158**:  **Undisputed.**

159.    Bicek is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Bicek Photographs"). [Liebowitz Decl. ¶¶ 391-397 (Ex. 88); Bicek Decl. ¶¶ 9-13 (Ex. B)]

**Response to Paragraph 159**:  **Disputed in part.**  Getty Images does not dispute that Bicek is the author of the photographs attached to his declaration.  Whether the registration of those photographs is valid is a legal conclusion.  For some of Bicek's photographs, the effective date of the registration is more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

160.    The Bicek Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 396-397; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 160**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Bicek Photographs are on deposit with the Copyright Office.

161.    Getty copied the Bicek Photographs.  [Liebowitz Decl. ¶¶ 398 (Ex. 1-B);

McKiernan Decl. ¶ 62]

**Response to Paragraph 161**:  **Undisputed.**  Getty Images does not dispute that in the

process of migrating accepted images from Corbis' system to the Getty Images Enterprise

Submission Platform, Getty Images' system uploaded the Bicek Photographs.  *See* Dkt. 89

(Kortegard Decl.) ¶ 9.

162.    Getty did not obtain authorization from Bicek to copy the Bicek Photographs.

[Bicek Decl. ¶¶ 14-17]

**Response to Paragraph 162**:  **Disputed.**  Getty Images obtained authorization from

Bicek, via his authorized representatives, to copy his photographs at issue.  Getty Images

incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

163.    Mary Calvert ("Calvert") is a photographer who has an exclusive licensing

agreement with Zuma.  [Calvert Decl. ¶¶ 5-7 (Ex. A); McKiernan Decl. ¶ 63]

**Response to Paragraph 163**:  **Undisputed.**

164.    Calvert is the author and owner of valid copyright registrations to the photographs

attached to his declaration in support of the present motion (the "Calvert Photographs").

[Liebowitz Decl. ¶¶ 399-405 (Ex. 89); Calvert Decl. ¶¶ 8-12 (Ex. B)]

**Response to Paragraph 164**:  **Disputed in part.**  Getty Images does not dispute that

Calvert is the author of the photographs attached to his declaration.  Whether the registration of

those photographs is valid is a legal conclusion.  The effective date of the registration is more

than five years after first publication.  There is thus no presumption of the validity of the

copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).


165.    The Calvert Photographs are on deposit with the Copyright Office.  [Liebowitz

Decl. ¶¶ 403-405; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 165**:  **Undisputed.**  Getty Images has no reason at this time to

dispute Plaintiffs' assertion that the Calvert Photographs are on deposit with the Copyright

Office.


166.    Getty copied the Calvert Photographs.  [Liebowitz Decl. ¶¶ 406 (Ex. 1-B);

McKiernan Decl. ¶ 64]

**Response to Paragraph 166**:  **Undisputed.**  Getty Images does not dispute that in the

process of migrating accepted images from Corbis' system to the Getty Images Enterprise

Submission Platform, Getty Images' system uploaded the Calvert Photographs.  *See* Dkt. 89

(Kortegard Decl.) ¶ 9.


167.    Getty did not obtain authorization from Calvert to copy the Calvert Photographs.

[Calvert Decl. ¶¶ 13-16]

**Response to Paragraph 167**:  **Disputed.**  Getty Images obtained authorization from

Calvert, via her authorized representatives, to copy her photographs at issue.  Getty Images

incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

168.    Matt Roberts ("Roberts") is a photographer who has an exclusive licensing agreement with Zuma.  [Roberts Decl. ¶ 5-8 (Ex. A); McKiernan Decl. ¶ 65]

**Response to Paragraph 168**:  **Undisputed.**

169.    Roberts is the author and owner of valid copyright registrations to the photograph attached to his declaration (the "Roberts Photograph").  [Liebowitz Decl. ¶¶ 407-413 (Ex. 90); Roberts Decl. ¶ 9-13]

**Response to Paragraph 169**:  **Undisputed.**

170.    The Roberts Photograph is on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 396-397; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 170**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Roberts Photograph is on deposit with the Copyright Office.

171.    Getty copied the Roberts Photographs.  [Liebowitz Decl. ¶¶ 414 (Ex. 1-B); McKiernan Decl. ¶ 66]

**Response to Paragraph 171**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Roberts Photograph.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

172.    Getty did not obtain authorization from Fuentes to copy the Fuentes Photographs. [Roberts Decl. ¶¶ 14-17]

**Response to Paragraph 172**:  **Disputed.**  Getty Images notes that the reference in Paragraph 172 to Fuentes appears to be a typographical error and assumes for purposes of responding that Plaintiffs' reference was intended to be to Roberts.  Getty Images obtained authorization from Roberts, via his authorized representatives, to copy his photograph at issue. Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

173.    Mike Fuentes ("Fuentes") is a photographer who has an exclusive licensing agreement with Zuma.  [Fuentes Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 67]

**Response to Paragraph 173**:  **Undisputed.**

174.    Fuentes is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Fuentes Photographs").  [Liebowitz Decl. ¶¶ 415-421 (Ex. 91); Fuentes Decl. ¶¶ 9-13 (Ex. B)]

**Response to Paragraph 174**:  **Disputed in part.**  Getty Images does not dispute that Fuentes is the author of the photographs attached to his declaration.  Whether the registration of those photographs is valid is a legal conclusion.  The effective date of the registration is more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

175.    The Fuentes Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 419-421; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 175**: **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Fuentes Photographs are on deposit with the Copyright Office.

176.    Getty copied the Fuentes Photographs.  [Liebowitz Decl. ¶¶ 422 (Ex. 1-B); McKiernan Decl. ¶ 68]

**Response to Paragraph 176**: **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Fuentes Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

177.    Getty did not obtain authorization from Fuentes to copy the Fuentes Photographs. [Fuentes Decl. ¶¶ 14-17]

**Response to Paragraph 177**: **Disputed.**  Getty Images obtained authorization from Backman, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

178.    Paul Kitagaki ("Kitagaki") is a photographer who has an exclusive licensing agreement with Zuma.  [Kitagaki Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 69]

**Response to Paragraph 178**: **Undisputed.**

179.    Kitagaki is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Kitagaki Photographs").  [Liebowitz Decl. ¶¶ 423-432 (Ex. 92, 93); Kitagaki Decl. ¶¶ 9-16 (Exs. B, C)]

**Response to Paragraph 179**:  **Undisputed.**


180.    The Kitagaki Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 430-432; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 180**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Kitagaki Photographs are on deposit with the Copyright Office.


181.    Getty copied the Kitagaki Photographs.  [Liebowitz Decl. ¶¶ 433 (Ex. 1-B); McKiernan Decl. ¶ 70]

**Response to Paragraph 181**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Kitagaki Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.


182.    Getty did not obtain authorization from Kitagaki to copy the Kitagaki Photographs.  [Kitagaki Decl. ¶¶ 17-20]

**Response to Paragraph 182**:  **Disputed.**  Getty Images obtained authorization from Kitagaki, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.


183.    Pete Marovich ("Marovich") is a photographer who has an exclusive licensing agreement with Zuma.  [Marovich Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 71]

**Response to Paragraph 183**:  **Undisputed.**

184.    Marovich is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Marovich Photographs").  [Liebowitz Decl. ¶¶ 434-443 (Ex. 94, 95); Marovich Decl. ¶¶ 9-16 (Exs. B, C)]

**Response to Paragraph 184**:  **Disputed in part.**  Getty Images does not dispute that Marovich is the author of the photographs attached to his declaration.  Whether the registrations of those photographs are valid is a legal conclusion.  The effective dates of the registrations are more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

185.    The Marovich Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 441-443; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 185**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Marovich Photographs are on deposit with the Copyright Office.

186.    Getty copied the Marovich Photographs.  [Liebowitz Decl. ¶¶ 444 (Ex. 1-B); McKiernan Decl. ¶ 72]

**Response to Paragraph 186**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Marovich Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

187.    Getty did not obtain authorization from Marovich to copy the Marovich

Photographs.  [Marovich Decl. ¶¶ 17-20]

**Response to Paragraph 187**:  **Disputed.**  Getty Images obtained authorization from

Marovich, via his authorized representatives, to copy his photographs at issue.  Getty Images

incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.


188.    Ralph Lauer ("Lauer") is a photographer who has an exclusive licensing

agreement with Zuma.  [Lauer Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 73]

**Response to Paragraph 188**:  **Undisputed.**


189.    Marovich is the author and owner of valid copyright registrations to the

photographs attached to his declaration in support of the present motion (the "Lauer

Photographs").  [Liebowitz Decl. ¶¶ 445-454 (Ex. 96, 97); Lauer Decl. ¶¶ 9-16 (Exs. B, C)]

**Response to Paragraph 189**:  **Disputed in part.**  Getty Images notes that the reference

in Paragraph 189 to Marovich appears to be a typographical error and assumes for purposes of

responding that Plaintiffs' reference was intended to be to Lauer.  Getty Images does not dispute

that Lauer is the author of the photographs attached to his declaration.  Whether the registration

of those photographs are valid is a legal conclusion.  For some of Lauer's photographs, the

effective date of the registration is more than five years after first publication.  There is thus no

presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. §

410(c).  Moreover, there is no reason to assume that the information in the registrations is valid,

as some appears on its face to conflict with Lauer's declaration.  For example, Lauer states that

the photographs attached as Exhibit B to his declaration are covered by registration number VA 2-022-857, but some of the file names for those images do not appear in VA 2-022-857. *Compare* Dkt. 112-2 at LAU00355 *with* Dkt. 137-98.

190.   The Lauer Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 452-454; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 190**:  **Disputed in part.**  The file name of at least one image does not seem to appear in the registrations Plaintiffs have submitted for Lauer.  *Compare* Dkt. 112-2 at LAU00355 *with* Dkt. 137-98.

191.   Getty copied the Lauer Photographs.  [Liebowitz Decl. ¶¶ 455 (Ex. 1-B); McKiernan Decl. ¶ 74]

**Response to Paragraph 191**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Lauer Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

192.   Getty did not obtain authorization from Lauer to copy the Lauer Photographs. [Lauer Decl. ¶¶ 17-20]

**Response to Paragraph 192**:  **Disputed.**  Getty Images obtained authorization from Lauer, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

193.    Rick Osentoski ("Osentoski") is a photographer who has an exclusive licensing agreement with Zuma.  [Osentoski Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 75]

**Response to Paragraph 193**:  **Undisputed.**

194.    Osentoski is the author and owner of valid copyright registrations to the photograph attached to his declaration in support of the present motion (the "Osentoski Photograph").  [Liebowitz Decl. ¶¶ 456-463 (Ex. 98); Osentoski Decl. ¶¶ 9-13 (Ex. B)]

**Response to Paragraph 194**:  **Undisputed.**

195.    The Osentoski Photograph is on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 41-463; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 195**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Osentoski Photograph is on deposit with the Copyright Office.

196.    Getty copied the Osentoski Photograph.  [Liebowitz Decl. ¶¶ 464 (Ex. 1-B); McKiernan Decl. ¶ 76]

**Response to Paragraph 196**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Osentoski Photograph.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

197.    Getty did not obtain authorization from Osentoski to copy the Osentoski

Photographs.  [Osentoski Decl. ¶¶ 17-20]

**Response to Paragraph 197**:  **Disputed.**  Getty Images obtained authorization from

Osentoski, via his authorized representatives, to copy his photograph at issue.  Getty Images

incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

198.    Ricky Fitchett ("Fitchett") is a photographer who has an exclusive licensing

agreement with Zuma.  [Fitchett Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 77]

**Response to Paragraph 198**:  **Undisputed.**


199.    Fitchett is the author and owner of valid copyright registrations to the photographs

attached to his declaration in support of the present motion (the "Fitchett Photographs").

[Liebowitz Decl. ¶¶ 465-474 (Exs. 99, 100); Fitchett Decl. ¶¶ 9-16 (Exs. B, C)]

**Response to Paragraph 199**:  **Disputed in part.**  Getty Images does not dispute that

Fitchett is the author of the photographs attached to his declaration.  Whether the registrations of

those photographs are valid is a legal conclusion.  For some of Fitchett's photographs, the

effective date of the registration is more than five years after first publication.  There is thus no

presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. §

410(c).


200.    The Fitchett Photographs are on deposit with the Copyright Office.  [Liebowitz

Decl. ¶¶ 472-474; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 200**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Fitchett Photographs are on deposit with the Copyright Office.

201.     Getty copied the Fitchett Photographs.  [Liebowitz Decl. ¶¶ 475 (Ex. 1-B); McKiernan Decl. ¶ 78]

**Response to Paragraph 201**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Fitchett Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

202.     Getty did not obtain authorization from Fitchett to copy the Fitchett Photographs. [Fitchett Decl. ¶¶ 17-20]

**Response to Paragraph 202**:  **Disputed.**  Getty Images obtained authorization from Fitchett, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

203.     Ringo Chiu ("Chiu") is a photographer who has an exclusive licensing agreement with Zuma.  [Chiu Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 79]

**Response to Paragraph 203**:  **Undisputed.**

204.    Chiu is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Chiu Photographs"). [Liebowitz Decl. ¶¶ 476-485 (Exs. 101, 102); Chiu Decl. ¶¶ 9-16 (Exs. B, C)]

**Response to Paragraph 204**: **Disputed in part.**  Getty Images does not dispute that Chiu is the author of the photographs attached to his declaration.  Whether the registrations of those photographs are valid is a legal conclusion.  For some of Chiu's photographs, the effective date of the registration is more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

205.    The Chiu Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 483-485; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 205**: **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Chiu Photographs are on deposit with the Copyright Office.

206.    Getty copied the Chiu Photographs.  [Liebowitz Decl. ¶¶ 486 (Ex. 1-B); McKiernan Decl. ¶ 80]

**Response to Paragraph 206**: **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Chiu Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

207.     Getty did not obtain authorization from Chiu to copy the Chiu Photographs.

[Chiu Decl. ¶¶ 17-20]

**Response to Paragraph 207**:  **Disputed.**  Getty Images obtained authorization from

Chiu, via his authorized representatives, to copy his photographs at issue.  Getty Images

incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

208.     Ron Bijlsma ("Bijlsma") is a photographer who has an exclusive licensing

agreement with Zuma.  [Bijlsma Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 81]

**Response to Paragraph 208**:  **Undisputed.**

209.     Bijlsma is the author and owner of valid copyright registrations to the

photographs attached to his declaration in support of the present motion (the "Bijlsma

Photographs").  [Liebowitz Decl. ¶¶ 487-496 (Exs. 103, 104); Bijlsma Decl. ¶¶ 9-16 (Exs. B, C)]

**Response to Paragraph 209**:  **Disputed in part.**  Getty Images does not dispute that

Bijlsma is the author of the photographs attached to his declaration.  Whether the registrations of

those photographs are valid is a legal conclusion.  The effective dates of the registrations are

more than five years after first publication.  There is thus no presumption of the validity of the

copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

210.     The Bijlsma Photographs are on deposit with the Copyright Office.  [Liebowitz

Decl. ¶¶ 494-496; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 210**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Bijlsma Photographs are on deposit with the Copyright Office.

211.    Getty copied the Bijlsma Photographs.  [Liebowitz Decl. ¶¶ 497 (Ex. 1-B); McKiernan Decl. ¶ 82]

**Response to Paragraph 211**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Bijlsma Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

212.    Getty did not obtain authorization from Bijlsma to copy the Bijlsma Photographs. [Bijlsma Decl. ¶¶ 17-20]

**Response to Paragraph 212**:  **Disputed.**  Getty Images obtained authorization from Bijlsma, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

213.    Ruaridh Stewart ("Stewart") is a photographer who has an exclusive licensing agreement with Zuma.  [Stewart Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 83]

**Response to Paragraph 213**:  **Undisputed.**

214.    Stewart is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Stewart Photographs"). [Liebowitz Decl. ¶¶ 498-504 (Ex. 105); Stewart Decl. ¶¶ 9-13 (Ex. B)]

**Response to Paragraph 214**: **Disputed in part.** Getty Images does not dispute that Stewart is the author of the photograph attached to his declaration. Whether the registration of that photograph is valid is a legal conclusion. The effective date of the registration is more than five years after first publication. There is thus no presumption of the validity of the copyright and of the facts stated in the certificate. 17 U.S.C. § 410(c).


215.    The Stewart Photographs are on deposit with the Copyright Office. [Liebowitz Decl. ¶¶ 502-504; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 215**: **Undisputed.** Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Stewart Photographs are on deposit with the Copyright Office.


216.    Getty copied the Stewart Photographs. [Liebowitz Decl. ¶¶ 505 (Ex. 1-B); McKiernan Decl. ¶ 84]

**Response to Paragraph 216**: **Undisputed.** Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Stewart Photographs. *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

217.     Getty did not obtain authorization from Stewart to copy the Stewart Photographs.
[Stewart Decl. ¶¶ 14-17]

**Response to Paragraph 217**:  **Disputed.**  Getty Images obtained authorization from

Stewart, via his authorized representatives, to copy his photographs at issue.  Getty Images

incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

218.     Scott Mitchell ("Mitchell") is a photographer who has an exclusive licensing

agreement with Zuma.  [Mitchell Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 85]

**Response to Paragraph 218**:  **Undisputed.**

219.     Mitchell is the author and owner of valid copyright registrations to the

photographs attached to his declaration in support of the present motion (the "Mitchell

Photographs").  [Liebowitz Decl. ¶¶ 506-512 (Ex. 106); Mitchell Decl. ¶¶ 9-13 (Ex. B)]

**Response to Paragraph 219**:  **Undisputed.**

220.     The Mitchell Photographs are on deposit with the Copyright Office.  [Liebowitz

Decl. ¶¶ 510-512; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 220**:  **Undisputed.**  Getty Images has no reason at this time to

dispute Plaintiffs' assertion that the Mitchell Photographs are on deposit with the Copyright

Office.

221.     Getty copied the Mitchell Photographs.  [Liebowitz Decl. ¶¶ 513 (Ex. 1-B);

McKiernan Decl. ¶ 86]

**Response to Paragraph 221**: **Undisputed.** Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Mitchell Photographs. *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

222. Getty did not obtain authorization from Mitchell to copy the Mitchell Photographs. [Mitchell Decl. ¶¶ 14-17]

**Response to Paragraph 222**: **Disputed.** Getty Images obtained authorization from Mitchell, via his authorized representatives, to copy his photographs at issue. Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

223. Sergei Bachlakov ("Bachlakov") is a photographer who has an exclusive licensing agreement with Zuma. [McKiernan Decl. ¶ 87]

**Response to Paragraph 223**: **Disputed.** Exclusive licenses must be in writing and signed by the owner of the rights conveyed, *see* 17 U.S.C. § 204. Plaintiffs have failed to submit an exclusive licensing agreement between Zuma and Sergei Bachlakov in support of their summary judgment motion.

224. Bachlakov is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Bachlakov Photographs"). [Liebowitz Decl. ¶¶ 514-520 (Ex. 107)]

**Response to Paragraph 224**: **Disputed.** Plaintiffs have failed to submit a declaration from Bachalov.

225.    The Bachlakov Photographs are on deposit with the Copyright Office.  [Liebowitz
Decl. ¶¶ 518-520; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 225**:  **Disputed.**  Because Plaintiffs have failed to submit a
declaration from Bachalov, Getty Images is unable to identify the "Bachalov Photographs" to
which Plaintiffs refer.

226.    Getty copied the Bachlakov Photographs.  [Liebowitz Decl. ¶¶ 521 (Ex. 1-B);
McKiernan Decl. ¶ 88]

**Response to Paragraph 226**:  **Disputed.**  Because Plaintiffs have failed to submit a
declaration from Bachalov, Getty Images is unable to identify the "Bachalov Photographs" to
which Plaintiffs refer.

227.    Theodore Liasi ("Liasi") is a photographer who has an exclusive licensing
agreement with Zuma.  [Liasi Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 89]

**Response to Paragraph 227**:  **Undisputed.**

228.    Liasi is the author and owner of valid copyright registrations to the photographs
attached to his declaration in support of the present motion (the "Liasi Photographs").
[Liebowitz Decl. ¶¶ 522-528 (Ex. 108); Liasi Decl. ¶¶ 9-13 (Ex. B)]

**Response to Paragraph 228**:  **Undisputed.**

229.    The Liasi Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 526-528; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 229**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Liasi Photographs are on deposit with the Copyright Office.

230.    Getty copied the Liasi Photographs.  [Liebowitz Decl. ¶¶ 529 (Ex. 1-B); McKiernan Decl. ¶ 90]

**Response to Paragraph 230**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Liasi Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

231.    Getty did not obtain authorization from Liasi to copy the Liasi Photographs. [Liasi Decl. ¶¶ 14-17]

**Response to Paragraph 231**:  **Disputed.**  Getty Images obtained authorization from Liasi, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

232.    Timothy Hale ("Hale") is a photographer who has an exclusive licensing agreement with Zuma.  [Hale Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 91]

**Response to Paragraph 232**:  **Undisputed.**

233.    Hale is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Hale Photographs"). [Liebowitz Decl. ¶¶ 530-536 (Ex. 109); Hale Decl. ¶¶ 9-13 (Ex. B)]

**Response to Paragraph 233**:  **Undisputed.**


234.    The Hale Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 534-536; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 234**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Hale Photographs are on deposit with the Copyright Office.


235.    Getty copied the Hale Photographs.  [Liebowitz Decl. ¶¶ 537 (Ex. 1-B); McKiernan Decl. ¶ 92]

**Response to Paragraph 235**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Hale Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.


236.    Getty did not obtain authorization from Hale to copy the Hale Photographs.  [Hale Decl. ¶¶ 14-17]

**Response to Paragraph 236**:  **Disputed.**  Getty Images obtained authorization from Hale, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

237.    Wally Nell ("Nell") is a photographer who has an exclusive licensing agreement with Zuma.  [Nell Decl. ¶¶ 5-8 (Ex. A); McKiernan Decl. ¶ 93]

**Response to Paragraph 237**:  **Undisputed.**

238.    Nell is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Nell Photographs").  [Liebowitz Decl. ¶¶ 538-547 (Exs. 110, 111); Nell Decl. ¶¶ 9-16 (Exs. B, C)]

**Response to Paragraph 238**:  **Disputed in part.**  Getty Images does not dispute that Nell is the author of the photograph attached to his declaration.  Whether the registrations are valid is a legal conclusion.  For some of Nell's photographs, the effective date of the registration is more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).

239.    The Nell Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 545-547; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 239**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Nell Photographs are on deposit with the Copyright Office.

240.    Getty copied the Nell Photographs.  [Liebowitz Decl. ¶¶ 548 (Ex. 1-B); McKiernan Decl. ¶ 94]

**Response to Paragraph 240**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise

Submission Platform, Getty Images' system uploaded the Nell Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

241.    Getty did not obtain authorization from Nell to copy the Nell Photographs.  [Nell Decl. ¶¶ 17-20]

**Response to Paragraph 241**:  **Disputed.**  Getty Images obtained authorization from Nell, via his authorized representatives, to copy his photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

242.    David Stephenson ("Stephenson") is a photographer who has an exclusive licensing agreement with Zuma.  [Stephenson Decl. ¶¶ 5-7 (Ex. A); McKiernan Decl. ¶ 95]

**Response to Paragraph 242**:  **Undisputed.**

243.    Stephenson is the author and owner of valid copyright registrations to the photographs attached to his declaration in support of the present motion (the "Stephenson Photographs").  [Liebowitz Decl. ¶¶ 549-555 (Ex. 112); Stephenson Decl. ¶¶ 8-12 (Ex. B)]

**Response to Paragraph 243**:  **Undisputed.**

244.    The Stephenson Photographs are on deposit with the Copyright Office. [Liebowitz Decl. ¶¶ 553-555; Halperin Decl. ¶ 9; Carrillo Decl. ¶ 8; Bivona Decl. ¶ 8]

**Response to Paragraph 244**:  **Undisputed.**  Getty Images has no reason at this time to dispute Plaintiffs' assertion that the Stephenson Photographs are on deposit with the Copyright Office.

245.    Getty copied the Stephenson Photographs.  [Liebowitz Decl. ¶¶ 556 (Ex. 1-B);
McKiernan Decl. ¶ 96]

**Response to Paragraph 245**:  **Undisputed.**  Getty Images does not dispute that in the
process of migrating accepted images from Corbis' system to the Getty Images Enterprise
Submission Platform, Getty Images' system uploaded the Stephenson Photographs.  *See* Dkt. 89
(Kortegard Decl.) ¶ 9.


246.  Getty did not obtain authorization from Stephenson to copy the Stephenson
Photographs.  [Stephenson Decl. ¶¶ 13-17]

**Response to Paragraph 246**:  **Disputed.**  Getty Images obtained authorization from
Stephenson, via his authorized representatives, to copy his photographs at issue.  Getty Images
incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.


247.    Tiyu (Beijing) Culture Media Co. Ltd. ("OSports") entered into work-for-hire
agreements with the following photographers:  Mao Zhang [Ying Decl. ¶ 5 (Ex. A)]; Tongzhou
Zhang [Ying Decl. ¶ 6 (Ex. B)]; Ruishi Cheng [Ying Decl. ¶ 7 (Ex. C)]; Meilin Xiao [Ying Decl.
¶ 8 (Ex. D)]; Yijiang Guo [Ying Decl. ¶ 9 (Ex. E)]; Jiang Wang [Ying Decl. ¶ 10 (Ex. F)];
Zichen Cao [Ying Decl. ¶ 11 (Ex. G)]; and Yujun Ruan [Ying Decl. ¶ 12 (Ex. H)] (collectively,
the "Osports Photographers").

**Response to Paragraph 247**:  **Disputed.**  Getty Images disputes that OSports entered
into work-for-hire agreements with Mao Zhang, Tongzhou Zhang, Ruishi Cheng, Meilin Xiao,
Yijiang Gua, Jiang Wang, Zichen Cau, or Yujun Ruan.  Plaintiffs have submitted with their

motion what they assert are translations of certain photographers' agreements but none of those

agreements are signed.  Moreover, in his declaration, Ying (as the representative of OSports)

states that the purpose of each agreement with the photographers was "to create photographs for

the purposes of licensing."  Dkt. 138 (Ying Decl.) ¶¶ 5-12.  This statement as to the purpose of

the creation of the photographs does not qualify them as works made for hire under U.S.

copyright law.  *See* 17 U.S.C. 101 (defining "work made for hire" and listing specific categories

of works capable of being treated as works made for hire for purposes of copyright ownership).

Because the photographs do not fall into any of the enumerated categories, Osports'

characterization of the agreements as "work-for-hire" contracts is not accurate, and Osports has

failed to establish ownership under U.S. copyright law in any of the works Plaintiffs attribute to

Osports.


248.    OSports is the owner of valid copyright registrations to the photographs taken by

the OSports Photographers, which are attached to Liu Ying's declaration in support of the

present motion (the "OSports Photographs") [Liebowitz Decl. ¶¶ 557-625 (Ex. 113-124); [Ying

Decl. ¶¶ 13-46, Exs. I, J, K, L, M, N, O, P].

**Response to Paragraph 248**:  **Disputed.**  Getty Images disputes that OSports is the

owner of valid copyright registrations to the photographs taken by Mao Zhang, Tongzhou Zhang,

Ruishi Cheng, Meilin Xiao, Yijiang Gua, Jiang Wang, Zichen Cau, and Yujun Ruan and

incorporates by reference herein its response to Paragraph 247.  Additionally, for some of the

photographs, the effective date of the registration is more than five years after first publication.

There is thus no presumption of the validity of the copyright and of the facts stated in the

certificate.  17 U.S.C. § 410(c).

249.    The OSports Photographs are on deposit with the Copyright Office.  [Liebowitz
Decl. ¶¶ 564-566; 574-576; 584-586; 592-593; 601-603; 609-610; 616-617; 623-624; Halperin
Decl. ¶ 10; Carrillo Decl. ¶ 9; Bivona Decl. ¶ 9]

**Response to Paragraph 249**:  **Undisputed.**  Getty Images has no reason at this time to
dispute Plaintiffs' assertion that the OSports Photographs are on deposit with the Copyright
Office.

250.    Getty copied the OSports Photographs.  [Liebowitz Decl. ¶¶ 625 (Ex. 1-B);
McKiernan Decl. ¶ 97]

**Response to Paragraph 250**:  **Undisputed.**  Getty Images does not dispute that in the
process of migrating accepted images from Corbis' system to the Getty Images Enterprise
Submission Platform, Getty Images' system uploaded the OSports Photographs.  *See* Dkt. 89
(Kortegard Decl.) ¶ 9.

251.    Getty did not obtain authorization from OSports to copy the OSports Photographs.
[Ying Decl. ¶¶ 47-50]

**Response to Paragraph 251**:  **Disputed.**  Getty Images obtained authorization from
OSports, via its authorized representatives, to copy its photographs at issue.  Getty Images
incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

252.    Action Sports Photography, Inc. ("Action Sports") entered into employment
relationships with the following photographers:  Ashley R. Dickerson [Walter Arce Decl. ¶ 5];

Crystal A. Macleod [Walter Arce Decl. ¶ 5; Macleod Decl. ¶ 5]; Stephen A. Arce [Walter Arce Decl. ¶ 5; Stephen Arce Decl. ¶ 5]; Michael G. Dinovo [Walter Arce Decl. ¶ 5]; Walter Arce, Sr. [Walter Arce Decl. ¶ 5], Jerome G. Hamilton [Walter Arce Decl. ¶ 6; Hamilton Decl. ¶ 5], Stephen Houchen [Walter Arce Decl. ¶ 7; Stephen Arce Decl. ¶ 5] and John F. Moore [Walter Arce Decl. ¶ 7] (collectively, the "Action Sports Photographers").

**Response to Paragraph 252**:  **Disputed.**  Getty Images disputes that Action Sports entered into employment relationships with Ashley Dickerson, Crystal Macleod, Stephen Arce, Michael Dinovo, Walter Arce, Jerome Hamilton, Stephen Houchen, and John Moore.  Action Sports has not provided employment agreements with any of these photographers and, although Plaintiffs' filed declarations by Stephen Arce, Walter Arce, Jerome Hamilton, Stephen Houchen, and Crystal Macleod attesting vaguely to an employment relationship,[3] the handful of agreements between Action Sports and its photographers that Plaintiffs produced in discovery indicate that they worked for Action Sports as independent contractors, not as employees.  *See* Bloom Opp. Decl. Exs. B-E (agreements with Stephen Arce, Ashley Dickerson, Michael Dinovo, and Crystal Macleod, each referring on the last page to the photographers as "contracted photographers" and making clear that the compensation was on a "rate by race" basis).

253.    Action Sports is the owner of valid copyright registrations to the photographs taken by the Action Sports Photographers, which are attached to Walter G. Arce's declaration in support of the present motion (the "Action Sports Photographs") [Liebowitz Decl. ¶¶ 626-798 (Ex. 125-147); [Walter Arce Decl. ¶¶ 10-79, Exs. A-W].

---

[3] Plaintiffs did not file declarations by Ashley Dickerson, Michael Dinovo, or John F. Moore.

**Response to Paragraph 253**:  **Disputed.**  Getty Images disputes that Action Sports is the owner of valid copyright registrations to the photographs taken by Ashley Dickerson, Crystal Macleod, Stephen Arce, Michael Dinovo, Walter Arce, Jerome Hamilton, Stephen Houchen, and John Moore and incorporates by reference herein its response to Paragraph 252.  Additionally, for some of the photographs, the effective date of the registration is more than five years after first publication.  There is thus no presumption of the validity of the copyright and of the facts stated in the certificate.  17 U.S.C. § 410(c).  Moreover, there is no reason to assume that the information in the registrations is valid, as some appears on its face to conflict with Walter Arce's declaration.  For example, Arce states that the photographs attached as Exhibit H to his declaration were taken by Crystal Macleod and were published in 2011 and are covered by registration number VA 2-067-057, but some of those images appear on their face to have been published in 2012, and some of the file names for those images do not appear in VA 2-067-057.  *Compare* Dkt. 141-10 at ACT013503 *with* Dkt. 137-134.


254.    The Action Sports Photographs are on deposit with the Copyright Office.  [Liebowitz Decl. ¶¶ 634-636; 649-651; 666-668; 679-681; 686-687; 692-693; 701-702-707-708; Halperin Decl. ¶ 11; Carrillo Decl. ¶ 10; Bivona Decl. ¶ 10]

**Response to Paragraph 254**:  **Disputed in part.**  The file name of at least one image does not seem to appear in the registrations Plaintiffs have submitted for Action Sports.  *Compare* Dkt. 141-10 at ACT017254 *with* Dkt. 137-127–137-148.


255.    Getty copied the Action Sports Photographs.  [Liebowitz Decl. ¶ 709 (Ex. 1-B); McKiernan Decl. ¶ 98]

**Response to Paragraph 255**:  **Undisputed.**  Getty Images does not dispute that in the process of migrating accepted images from Corbis' system to the Getty Images Enterprise Submission Platform, Getty Images' system uploaded the Action Sports Photographs.  *See* Dkt. 89 (Kortegard Decl.) ¶ 9.

256.    Getty did not obtain authorization from Action Sports to copy the Action Sports Photographs.  [Walter Arce Decl. ¶¶ 80-83]

**Response to Paragraph 256**:  **Disputed.**  Getty Images obtained authorization from Action Sports, via its authorized representatives, to copy its photographs at issue.  Getty Images incorporates by reference herein its responses to Paragraphs 5-6, 8, and 10.

Dated:  New York, New York
           July 20, 2018

Respectfully submitted,

By:  /s/ Benjamin E. Marks
Benjamin E. Marks
Jonathan Bloom

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Tel:  (212) 310-8000
Fax:  (212) 310-8007

*Attorneys for Defendant Getty Images (US), Inc.*