```
SDC SDNY
 OCUMENT
 LECTRONICALLY FILED
 OC #:
 ATE FILED: 12/4/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

ZUMA PRESS, INC., ACTION SPORTS PHOTOGRAPHY, INC., TIYU (BEIJING) CULTURE MEDIA CO. LTD., MANNY FLORES, ANDREW DIEB, CHRISTOPHER SZAGOLA, LOUIS LOPEZ, CHARLES BAUS, DUNCAN WILLIAMS, ROBERT BACKMAN, JOHN MIDDLEBROOK, and ANTHONY BARHAM,

Plaintiffs,

-against-

GETTY IMAGES (US), INC.,

Defendant.

-------------------------------------------------------------- X

**ORDER AND OPINION GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION**

16 Civ. 6110 (AKH)

17 Civ. 5832 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

Plaintiffs move for reconsideration of the Court's October 4, 2018 Order and Opinion Granting Summary Judgment to Defendant Getty Images (US), Inc. ("Getty"), ECF No. 172 ("Summary Judgment Order"). They argue that the Court overlooked key facts relating to: the removal of images owned by, or exclusively licensed to, plaintiffs (the "Accused Images") from the public-facing website of Corbis Corporation ("Corbis"); the belief of Plaintiff Zuma Press, Inc. ("Zuma") as to whether the images had been removed; and Getty's knowledge of, and reliance on, Zuma's conduct. For the reasons discussed below, Plaintiffs' motion is granted as to its copyright infringement claim under the Copyright Act, 17 U.S.C. § 501, and denied as to its claim under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202.

## DISCUSSION

In this district, "[m]otions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3." *Sullivan v. City of New York*, No. 14-CV-1334 JMF,

2015 WL 5025296, at *3 (S.D.N.Y. Aug. 25, 2015), *aff'd*, 690 F. App'x 63 (2d Cir. 2017). "A motion for reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources . . . .'" *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F.Supp.2d 678, 695 (S.D.N.Y. 2011) (quoting *In re Initial Pub. Offering Sec. Litig.*, 399 F.Supp.2d 298, 300 (S.D.N.Y. 2005)). "[M]otions for reconsideration are not granted unless 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

The Court assumes the parties' familiarity with the facts set out in the Summary Judgment Order.

### a. Getty's Equitable Estoppel Defense

The Court granted summary judgment to Getty on Plaintiffs' copyright infringement claim under 17 U.S.C. § 501 on the ground that Zuma was equitably estopped from asserting the claim. The defense of equitable estoppel requires proof that:

> (1) plaintiff had knowledge of defendant's conduct; (2) plaintiff either (a) intended that defendant rely on plaintiff's acts or omissions or (b) acted or failed to act in such a manner that defendant had a right to believe it was intended to rely on plaintiff's conduct; (3) defendant was ignorant of the true facts; and (4) defendant relied on plaintiff's conduct to its detriment.

Summary Judgment Order at 10-11 (quoting *DeCarlo v. Archie Comic Publications, Inc.*, 127 F.Supp.2d 497, 509 (S.D.N.Y.), *aff'd*, 11 F. App'x 26 (2d Cir. 2001)). The Court held that each of these elements was satisfied, finding that "undisputed evidence" showed the following:

> Zuma comingled its photographs with the NewSport collection, knowing that "NewSport" would be labeled by Corbis as the "source" and licensor of the images. The documentary evidence shows that Zuma attempted to retrieve these images, but did not succeed because NewSport did not give its written consent. Unsuccessful at switching the images to its account, and knowing that its images

> were now inextricably mixed with the NewSport collection, Zuma made no further efforts to retrieve its images. Getty reasonably believed, because of Zuma's actions, that it had the rights to use and license all the photographs acquired from NewSport, including the photographs that Zuma had comingled with the NewSport photographs.

*Id.* at 11; *see also id.* at 7 ("No written consent was ever provided by [NewSport's CEO Les] Walker to Corbis [to remove the Accused Images]. The Accused Images therefore remained as part of the NewSport collection. Aside from two emails from [Zuma's CEO Scott] McKiernan to [Corbis's Seth] Greenberg [in June 2013] . . . , there is no evidence that Zuma spoke further with Walker or Corbis about this issue, or pursued any legal action against Corbis or Walker.").

In my analysis, I did not see an e-mail sent by McKiernan to Greenberg on April 15, 2014. In the e-mail, McKiernan writes:

> Have a few ZUMA represented image stranglers [sic][1] that are on Corbis portal under Newsport. Please take down asap! And confirm. SCOTT DAVIS 7 pictures and ZAK NOYLE 1 picture[.] Any sales on these? They need to be reported to ZUMA. Anyway you can search and confirm no others floating around?

2d Liebowitz Decl., Ex. H, ECF No. 152-8, Bates No. ZUM00371. The e-mail suggests that, as of April 2014, Corbis had substantially, but not entirely, complied with Zuma's request to take down the thousands of Accused Images in the NewSport collection.

The e-mail raises an issue of fact whether Zuma reasonably believed that Corbis had taken down the images, and would soon take down the "stragglers" still remaining. This fact, if proven, would be sufficient to negate the second element of Getty's equitable estoppel defense.

Getty argues that Plaintiffs waived this argument by failing to raise it in their summary judgment papers. Plaintiffs' papers, although not a model of clarity, *did* refer to the

---

[1] I read "stranglers" as "stragglers."

3

April 15, 2014 e-mail. *See* Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment ("Pls.' Opp. Mem."), ECF No. 151, at 31. This reference, together with Plaintiffs' assertion that they did not "act[] or fail[] to act in such a manner that Getty had a right to believe it was intended to rely on Plaintiffs' conduct," Pls.' Opp. Mem. at 36, is sufficient. In sum, an issue of fact exists whether or not Plaintiffs are equitably estopped from asserting their copyright infringement claim. Summary judgment should not have been granted on that claim.

### b. Plaintiffs' Section 1202 Claims

Plaintiffs also argue that the Court overlooked evidence of Getty's intent to induce or facilitate infringement, which is required to find a violation of Section 1202 of the DMCA. Plaintiffs, however, fail to identify to any information or controlling law on this point that the Court overlooked. Plaintiffs' motion to reconsider the Court's grant of summary judgment on its DMCA claim therefore is denied.

### c. Damages

Plaintiffs objects to the Court's statement that the Accused Images "earned in total less than $100 in revenue for Getty." Summary Judgment Order at 3. The revenue Getty earned from the Accused Images remains a disputed issue of fact and the Court's statement is not a ruling on damages.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion for reconsideration (ECF No. 180) is granted in part and denied in part. As to Plaintiffs' copyright infringement claim, the motion for reconsideration is granted, and the Second Amended Complaint is reinstated as to that claim. As to Plaintiffs' DMCA claim, the motion for reconsideration is denied. Getty's motion for attorney's fees (ECF No. 175) is denied as premature. The parties shall appear for a status

4

conference on February 22, 2019 at 10:00 A.M. The Clerk shall mark ECF Nos. 175 and 180 terminated.

        SO ORDERED.

Dated:    January 24, 2019
           New York, New York

                                        ALVIN K. HELLERSTEIN
                                        United States District Judge